Filed 3/9/16 Unmodified version attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B259998 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA019001) |
| v. | |
| EDGAR OMAR AREVALO, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on February 8, 2016, be modified as follows:

1. On page 5, at the end of the first full paragraph and before CONTENTION, insert the following new footnote:

   [6] An order denying a petitioner's claim of eligibility for resentencing under section 1170.126 is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

   This will require renumbering of all subsequent footnotes.

2. On page 6, footnote 7, insert the following citation following the quote: (*People v. Johnson*, *supra*, 61 Cal.4th at p. 681, fn. 1.)

3. On page 12, in the final paragraph, at line one, insert the word *Bradford* before the word concurrence.

4. On page 12, in the final paragraph, at line four, replace the word *Bradford* with the words The *Bradford* concurrence. Also, on the same line, replace the word principle with the word principles.

[There is no change in the judgment.]

_____

EDMON, P. J.                      ALDRICH, J.                      JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 2/8/16 Unmodified version

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B259998 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA019001) |
| v. | |
| EDGAR OMAR AREVALO, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Reversed and remanded with directions.

California Appellate Project, Jonathan B. Steiner, Lisa Ferreira and Susan Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, Noah P. Hill and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Edgar Omar Arevalo appeals from the trial court's order denying his petition for resentencing under the Three Strikes Reform Act of 2012 (hereafter, Proposition 36 or the Act). The Act amended Penal Code[1] sections 667 and 1170.12 (the Three Strikes law) to reduce the punishment for some third strike offenses that are neither serious nor violent. The Act also added section 1170.126 to create a procedure by which some inmates already serving third strike sentences may seek resentencing in accordance with the new sentencing rules.

Arevalo is serving an indeterminate sentence under the Three Strikes law, having been found guilty in a bench trial of grand theft auto and driving a vehicle without the owner's consent. The trial judge, however, acquitted Arevalo of the charge of possession of a firearm by a felon and found the "armed with a firearm" allegation to be not true.

Arevalo subsequently petitioned for a reduction of his sentence pursuant to Proposition 36, arguing that in light of his acquittal and the not-true enhancement finding, he was eligible for resentencing because he had not committed the disqualifying conduct of being armed with a weapon during the commission of his "current offense."[2] (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

The resentencing court, which by stipulation was not the trial court that had rendered the verdicts and findings, rejected Arevalo's contention. Reaching its findings under a preponderance of the evidence standard, the resentencing court concluded that Arevalo had been armed with a weapon during the commission of his offenses. Accordingly, it held that Arevalo was ineligible for resentencing under section 1170.126.

Arevalo appeals, contending that the resentencing court erred in finding him ineligible based on facts not established beyond a reasonable doubt. We agree, and we

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    "Although the statute refers to it as the 'current' conviction because it is the conviction for which the petitioner is seeking to be resentenced, the underlying case has been fully litigated. The trial has been held or a plea has been taken, and the defendant is serving his or her sentence." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337 (*Bradford*).)

reverse and remand for further proceedings. Under a properly applied "beyond a reasonable doubt" standard, Arevalo's acquittal on the weapon possession charge, and the not-true finding on the allegation of being armed with a firearm, are preclusive of a determination that he is ineligible for resentencing consideration. As a matter of law, therefore, Arevalo is eligible for resentencing. What remains to be adjudicated, however, is whether, under a preponderance of the evidence standard,[3] he should be resentenced or whether he would pose an unreasonable risk of danger to public safety such that he should not be resentenced.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 1994, the victim left the keys in the ignition of his car when he stopped momentarily to drop off his dog at the home of relatives. When he returned, the car was gone. The victim reported the theft of the car to the police. Approximately 30 minutes later, a police officer observed the victim's car pull in at a gas station. Arevalo exited the car and was arrested. The officer found an unloaded revolver on the passenger

---

[3]     In *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, we explained that "[t]here are not two, but three, determinations at issue under Penal Code section 1170.126, subdivision (f): First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Id*. at p. 1299.) We then held that, at the second stage, the People bear the burden of establishing dangerousness by a preponderance of the evidence. (*Id*. at pp. 1301-1305.) We reached this conclusion, and rejected Kaulick's argument the proper standard was beyond a reasonable doubt, for the following reasons: no Sixth Amendment issues were implicated; preponderance of the evidence is the general statutory standard (Evid. Code, § 115); no greater burden of proof was necessary because the dangerousness hearing is not a summary proceeding and "it is the general rule in California that once a defendant is eligible for an increased penalty, the trial court, in exercising its discretion to impose that penalty, may rely on factors established by a preponderance of the evidence." (*Kaulick*, at p. 1305.) In contrast to the discretionary determination that a defendant is or is not a risk to public safety, the issue in the present appeal concerns the legal determination of Arevalo's eligibility to be considered for resentencing, in light of the trial court's findings at the bench trial.

seat of the car.  Arevalo said the gun did not belong to him.  The firearm was not registered to either the victim or Arevalo.[4]

A bench trial was held in April 1995.  Arevalo was charged with grand theft of a vehicle (§ 487h, subd. (a)), driving a vehicle without the owner's consent (Veh. Code, § 10851), and being a felon in possession of a firearm (former § 12021, subd. (a)(1)).[5] As to the first two counts, the information also alleged Arevalo was armed with a firearm in the commission of these offenses (§ 12022, subd. (a)(1)).  Arevalo was also charged with residential burglary arising from a different incident.

The trial court found Arevalo guilty of grand theft auto and driving a vehicle without the owner's consent.  Arevalo was acquitted of the burglary and possession of a firearm charges, and the court found the "armed with a firearm" allegation not true.  The court further found that Arevalo had suffered multiple prior "strikes" under the Three Strikes law and sentenced him to 25 years to life for grand theft auto.  The court stayed a similar term for driving without the owner's consent pursuant to section 654's prohibition on multiple punishment.

In the first appeal of this matter, we affirmed Arevalo's conviction but remanded for resentencing in accordance with *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  (*People v. Arevalo* (Sept. 4, 1996, B093496) [nonpub. opn.].)  On remand, the trial court again sentenced Arevalo to 25 years to life.  We then affirmed that sentence. (*People v. Arevalo* (May 15, 1998, B110091) [nonpub. opn.].)

On November 6, 2012, California voters approved Proposition 36, which amended the Three Strikes law to reduce punishment for certain offenses.  Later that month,

---

**4** There was no evidence introduced at trial as to whether the firearm was stolen, whether either the victim's or Arevalo's fingerprints were on it, or whether the victim disclaimed ownership of the firearm.

**5** The Deadly Weapons Recodification Act of 2010 repealed and recodified former sections 12000 to 12809 without substantive change.  (§§ 16000, 16005, 16010.)  Former section 12021, subdivision (a), was recodified without substantive change at section 29800, subdivision (a), operative January 1, 2012.  (Cal. Law Revision Com. com., 14 Deering's Ann. Pen. Code, (2012 ed.) foll. § 29800, p. 921.)

Arevalo petitioned the court for recall of his sentence and resentencing pursuant to section 1170.126. In January 2013, the resentencing court found the petition had stated a prima facie basis for resentencing and issued an order to show cause.

In October 2013, the District Attorney filed opposition and argued Arevalo was ineligible for resentencing because he was armed with a firearm during the commission of his "current offense."[6] In October 2014, the resentencing court held a hearing on the matter and, based on its review of the testimony at trial, the court concluded Arevalo "was armed within the meaning of Penal Code sections 667[, subd. (e)](2)(C)(iii) and 1170.12[, subd. (c)](2)(C)(iii), and therefore [is] ineligible for resentencing." The court noted that the original trial court had found the "armed with a firearm" allegation not true, but stated that "[a] finding of an allegation of 'not true' does not mean the non-existence of guilt, factual innocence, or incredulity of testimony given at trial." Arevalo timely appealed.

## CONTENTION

Arevalo contends the resentencing court erred in concluding he was ineligible for resentencing based on facts not established by his underlying conviction.

## DISCUSSION

1. *The Act*.

In the California Supreme Court's recent opinion in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*)) addressing the Act, the court summarized the Act's purpose and provisions as follows:

"Prior to its amendment by the Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent. (Former §§ 667, subds. (d),

---

**6** The District Attorney also argued that Arevalo would pose an unreasonable risk of danger to public safety; however, that issue was not reached by the trial court and is not before us on appeal.

5

(e)(2)(A), 1170.12, subds. (b), (c)(2)(A).)[7] The [prospective provisions of the] Act[8] amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); see §§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies], 1192.8 [additional serious felonies for purposes of § 1192.7].)

"The Act's exceptions to the new sentencing provisions relate to a defendant's current offense and prior offenses. If the current offense involves controlled substances and specified findings are made concerning the quantity of controlled substances involved, or if the current offense is among specified sex offenses, a defendant with two or more strikes must be sentenced to a term of at least 25 years to life. [Fn. omitted.] (§§ 667, subd. (e)(2)(C)(i)-(ii), 1170.12, subd. (c)(2)(C)(i)-(ii).) A third strike sentence is also required if, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Finally, a defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction for . . . [certain offenses listed in section 667, subdivision (e)(2)(C)(iv) and section 1170.12, subdivision (c)(2)(C)(iv) which are sometimes referred to as] 'super strikes.' [Citation, fn. omitted.]

"In addition to reducing the sentence to be imposed for some third strike felonies that are neither violent nor serious, the Act provides a procedure by which some prisoners

---

[7]   "The Three Strikes law was enacted twice in 1994, first by the Legislature (§ 667, subds. (b)-(i); Stats. 1994, ch. 12, § 1, p. 71), and thereafter by the voters by way of Proposition 184 (§ 1170.12; [citation])."

[8]   The prospective provisions of the Act (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)) apply to individuals whose "current" offense is committed after the effective date of the Act.

already serving third strike sentences may seek resentencing in accordance with the new sentencing rules. (§ 1170.126.) 'An inmate is eligible for resentencing if . . . [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .' (§ 1170.126, subd. (e)(1).) Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions set forth in section 667, subdivision (e)(2)(C) and section 1170.12, subdivision (c)(2)(C) are present. (§ 1170.126, subd. (e).) In contrast to the rules that apply to sentencing, however, the rules governing resentencing provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Johnson*, *supra*, 61 Cal.4th at pp. 680-682.)

As explained by *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*): "In enacting section 1170.126 as part of Proposition 36, the issue before the voters was not whether a defendant could or should be punished more harshly for a particular aspect of his or her offense, but whether, having already been found to warrant an indeterminate life sentence as a third strike offender, he or she should now be eligible for a lesser term. By including as a disqualifying factor an inmate's mere intent, during commission of the current offense, to cause great bodily injury to another person, the electorate signaled its own intent that disqualifying conduct not be limited to what is specifically proven or punishable in the form of an offense or enhancement. . . . [Citations.] [V]oters rendered ineligible for resentencing not only narrowly drawn categories of third strike offenders who committed particular, specified offenses or types of offenses, but also broadly inclusive categories of offenders who, during commission of their crimes – and regardless of those crimes' basic statutory elements – used a firearm, were armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (*Id.* at pp. 1054-1055.)

*Blakely* went on to explain that "[i]t is clear the electorate's intent was not to throw open the prison doors for *all* third strike offenders whose current convictions were

7

not for serious or violent felonies, but only for those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public." (*Blakely*, *supra*, 225 Cal.App.4th at p. 1057.) "[I]n order to effectuate the electorate's intent to leave subject to indeterminate life sentences those inmates perceived as posing a risk to public safety, section 1170.126, subdivision (e)(2) must be read as disqualifying from resentencing an inmate whose current sentence was imposed for an offense during the commission of which – whether through a formal element of the offense or enhancement, or mere conduct or other means – he or she used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person, regardless of whether such a factor was pled and proved." (*Id*. at p. 1059.)

2. *The resentencing court's ruling that Arevalo was ineligible for resentencing.*

The resentencing court concluded Arevalo was ineligible for resentencing because the evidence at his trial demonstrated that he had been armed with a firearm when he committed the crimes for which he was convicted: grand theft auto and "joy-riding." It rejected Arevalo's argument that it was barred from finding him ineligible for resentencing because at his trial he was acquitted of the felon in possession of a firearm charge, and the arming enhancement allegation was found not true.

The Attorney General explains that "[c]iting *In re Coley* (2012) 55 Cal.4th 524, 554, the trial court recognized that an acquittal 'is not a finding of fact, but merely that the fact was not proven beyond a reasonable doubt.' The court further recognized that the People's burden of proof in opposing appellant's recall petition was preponderance of the evidence, not beyond a reasonable doubt. The court also noted that nothing in the record supported appellant's claim that the original trial court had found Officer Park's testimony not credible."

According to the Attorney General, the resentencing court relied on trial evidence showing that, after Officer Park activated the lights on his patrol car, he saw Arevalo "make a 'furtive movement with [his] right hand toward the passenger seat of the

8

vehicle,' " and that when Park arrested him, Arevalo was alone in the stolen vehicle and there was an unloaded gun on the front passenger seat.

Arevalo contends the resentencing court wrongly found him ineligible for resentencing consideration under the Act based on facts that were not established by his current conviction. As we shall explain, Arevalo is correct.

3. *The resentencing court erred in finding Arevalo ineligible for resentencing; Arevalo's acquittal on weapon possession charge and not-true finding on allegation of being armed with a firearm preclude a finding that he is ineligible for resentencing consideration.*

Section 1170.126, subdivision (f), provides: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e) [i.e., the resentencing eligibility factors deriving from the nature of the defendant's current and prior convictions]. If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced . . . [in the same manner as a second strike offender] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." The statute does not say anything more about what procedures the trial court should follow in making this determination.

Arevalo and the Attorney General agree that section 1170.126, relating to *resentencing*, does not contain the same pleading and proof requirement as the prospective provisions of the Act. The courts addressing this issue have all held that the resentencing eligibility factors need not have been pled and proven to a trier of fact. (See *People v. Chubbuck* (2014) 231 Cal.App.4th 737, 747; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 801-803; *People v. Guilford* (2014) 228 Cal.App.4th 651, 656-658; *Bradford*, *supra*, 227 Cal.App.4th at pp. 1332-1333; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1315-1316; *Blakely*, *supra*, 225 Cal.App.4th at pp. 1057-1063; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.)

The parties also agree that, in order to determine whether the "armed with a firearm" ineligibility factor (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii))

9

barred Arevalo from resentencing consideration, the appropriate procedure was to examine – under *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), and its progeny – Arevalo's record of conviction to ascertain the conduct underlying his grand theft auto and joy-riding convictions.**[9]**  As *Bradford*, *supra*, 227 Cal.App.4th at page 1332, explained:  "The eligibility criteria here refer to something that occurs '[d]uring the commission of the current offense,' that being 'the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.'  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)  By referring to those facts attendant to commission of the actual offense, the express statutory language requires the trial court to make a factual determination that is not limited by a review of the particular statutory offenses and enhancements of which petitioner was convicted.  Not only do the criteria at issue here not describe any particular offenses or enhancements, but the reference to an intent to cause great bodily injury does not clearly equate to the most common related enhancement, that being the infliction of great bodily injury."  Arevalo acknowledges that, "[g]iven the overwhelming judicial acceptance of the *Guerrero* analysis in the interpretation of prior convictions, it can be assumed that the drafters of Proposition 36 were aware of the *Guerrero* framework and expected it would apply in this nearly identical context."

The parties do not agree, however, with respect to the appropriate standard of proof for determining whether Arevalo was disqualified from resentencing eligibility consideration on the basis of the "arming" ineligibility factor.  Arevalo argues the correct standard of proof is beyond a reasonable doubt, while the Attorney General argues it is preponderance of the evidence.  We conclude that Arevalo is correct.

Reviewing courts have grappled with the standard of proof applicable to resentencing eligibility determinations under Proposition 36.  In *People v. Osuna* (2014)

---

**9**      *Guerrero* established the rule that, in determining the facts underlying prior convictions for purposes of determining the applicability of enhancements, "the trier of fact may look to the entire record of the conviction."  (*Guerrero*, *supra*, 44 Cal.3d at p. 355.)

225 Cal.App.4th 1020 (*Osuna*), the Court of Appeal noted Evidence Code section 115 ("Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence"), and concluded that the correct standard of proof for these resentencing eligibility determinations was preponderance of the evidence, stating: "Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment,[10] a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. [Citation.]" (*Osuna*, at p. 1040.)

In support of this conclusion, *Osuna* cited our opinion in *Kaulick*, *supra*, 215 Cal.App.4th 1279, which held that the appropriate standard of proof for determining dangerousness under section 1170.126, subdivision (f), is preponderance of the evidence. We reasoned in *Kaulick* that "it is the general rule in California that once a defendant is eligible for an increased penalty, the trial court, in exercising its discretion to impose that penalty, may rely on factors established by a preponderance of the evidence. [Citation.] As dangerousness is such a factor, preponderance of the evidence is the appropriate standard." (*Kaulick*, at p. 1305, fn. omitted.) But while the subdivision (f) dangerousness determination is akin to the usual procedure in which a trial court exercises its discretion to decide whether various sentencing factors warrant a greater or lesser punishment,[11] the subdivision (f) *eligibility determination* requires the trial court to make a summary legal finding as to whether the defendant is even eligible for

---

[10]    This is a recognition of the principle that the Sixth Amendment right to a jury trial resulting in a "beyond a reasonable doubt" verdict in criminal cases is inapplicable here. "As we said in *People v. Superior Court (Kaulick)*, *supra*, 215 Cal.App.4th at pp. 1304-1305]: 'The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues." (*People v. Manning* (2014) 226 Cal.App.4th 1133, 1141, fn. 3.)

[11]    See section 1170.126, subdivision (g)(3)): "In exercising its discretion in subdivision (f), the court may consider" any evidence "the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."

resentencing consideration. Moreover, *Osuna* itself acknowledged that using a preponderance of the evidence standard to determine not only dangerousness but also eligibility might "allow a trial court to find arming, so as to disqualify an inmate from resentencing under the Act, even if an arming enhancement was pled but found not true by a jury." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1038, fn. 6.) That hypothetical situation is almost exactly what happened in the case at bar. As explained below, we conclude this situation requires a heightened standard of proof for making section 1170.126, subdivision (f), resentencing eligibility determinations.

In *Bradford*, *supra*, 227 Cal.App.4th 1322, the same standard of proof question was raised, but ultimately was not reached: "The People argue the standard should be preponderance of the evidence, while petitioner argues due process compels application of a heightened burden of proof. We conclude the standard of proof is not dispositive in this case [and] . . . . [t]herefore . . . we express no opinion regarding the appropriate standard of proof." (*Id*. at p. 1343.) However, in a concurring opinion in *Bradford*, Presiding Justice Raye presented an in-depth analysis of the conflicting interests that should be considered when deciding upon the proper standard of proof: "I write separately to explore the significant due process concerns involved and to suggest the appropriateness of a heightened burden of proof by clear and convincing evidence." (*Id*. at p. 1344, fn. omitted (conc. opn. of Raye, P.J.).) We will summarize the *Bradford* concurrence in some detail because we have found it extremely helpful.

The concurrence noted that "the degree of proof required in a particular proceeding is traditionally left to the courts and . . . the issue implicates due process concerns. [Citation.]" (*Bradford*, *supra*, 227 Cal.App.4th at p. 1346 (conc. opn. of Raye, P.J.).) *Bradford* was guided by the principle that "[a]n individual has a constitutional right to procedural due process when the government deprives an individual of a liberty or property interest. [Citation.] One component of procedural due process is the standard of proof used to support the deprivation. [Citation.] The standard of proof must satisfy ' "the constitutional minimum of 'fundamental fairness.' " ' [Citation.] To determine whether a proof standard meets this constitutional minimum, the courts evaluate three

12

factors: (1) the private interest affected by the proceeding; (2) the risk of an erroneous deprivation of the interest created by the state's chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure. [Citations.]" (*People v. Jason K.* (2010) 188 Cal.App.4th 1545, 1556.)

Further, as the Supreme Court explained in *Santosky v. Kramer* (1982) 455 U.S. 745 [102 S.Ct. 1388]: " '[T]he standard of proof is a crucial component of legal process, the primary function of which is "to minimize the risk of erroneous decisions." ' [Citation.] Notice, summons, right to counsel, rules of evidence, and evidentiary hearings are all procedures to place information before the factfinder. But only the standard of proof 'instruct[s] the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions' he draws from that information. [Citation.]" (*Id*. at p. 757, fn. 9.) "When the State brings a criminal action to deny a defendant liberty or life . . . 'the interests of the defendant are of such magnitude that historically and without any explicit constitutional requirement they have been protected by standards of proof designed to exclude as nearly as possible the likelihood of an erroneous judgment.' [Citation.]" (*Id*. at p. 755.)

Applying these due process concerns to the question of eligibility for resentencing under the Act, the *Bradford* concurrence initially pointed out that the defendant's liberty interest is somewhat diminished because at issue is an ameliorative proceeding initiated by a defendant who is seeking a shorter sentence. "The current case has been fully adjudicated, and petitioner will not suffer any further deprivation of his liberty interest other than that which was a consequence of his initial lawful conviction, at which time the burden of proof was on the prosecution to prove beyond a reasonable doubt that he was guilty. . . . And case law indicates relatively low due process standards may apply to various postconviction proceedings that potentially affect how much time a defendant serves in prison, such as parole proceedings or disciplinary proceedings that result in credit forfeitures. [Citations.]" (*Bradford*, *supra*, 227 Cal.App.4th at p. 1347 (conc. opn. of Raye, P.J.).)

13

However, counter-balancing this diminished interest is the substantial amount of future prison time that might be affected by the proceeding: "The difference between an existing sentence and a revised sentence under Proposition 36 is significant. A lengthy, indeterminate sentence that could amount to most of a petitioner's life may be reduced on resentencing to a relatively short term of years. . . . The liberty interest may be characterized in this context as substantial, although it is not significantly different than that underlying other sentencing decisions." (*Bradford*, *supra*, 227 Cal.App.4th at p. 1347 (conc. opn. of Raye, P.J.).)

The *Bradford* concurrence then explained that, given the summary and retrospective nature of this proceeding, "the risk of erroneous deprivation of the interest created by the state's chosen procedure" factor "is the most compelling. . . . [T]he statute does not call on the parties to present evidence concerning relevant facts of a prior conviction that determine whether the petitioner is ineligible for resentencing. It is in this respect that the current matter is not like either an ordinary sentencing proceeding or the discretionary resentencing proceeding under Proposition 36, at which time the trial court considers evidence bearing on the petitioner's dangerousness. The retrospective nature of the determination presents unique pitfalls. A review of the record of the prior conviction is potentially problematic since the parties had no incentive to fully litigate unpleaded factual allegations at the time of the original trial court proceedings that relate to the petitioner's conduct and intent at the time of the crimes. Obviously, the issue of whether a particular petitioner intended to cause great bodily injury under the eligibility criteria could be the subject of substantial dispute between the parties as it necessarily requires a determination based on circumstantial evidence in virtually all cases. The determination of whether an item is a deadly weapon can likewise be problematic . . . ." (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1347-1348 (conc. opn. of Raye, P.J.).)

Finally, the *Bradford* concurrence explained that "the countervailing government interest implicated by the procedure" is slight. (*Bradford*, *supra*, 227 Cal.App.4th at p. 1349 (conc. opn. of Raye, P. J.).) Whereas a finding of ineligibility is the end of the road for the defendant, the People can still present new evidence at the discretionary

14

resentencing stage in order to show that an otherwise eligible defendant is too dangerous to be released. "The statute expressly contemplates that the trial court will consider additional evidence in determining whether to exercise its discretion to resentence the petitioner. (See § 1170.126, subd. (g).) The opportunity to do so likewise bears on the second factor, that being the risk of an erroneous deprivation of an individual's rights. The risk of an erroneous deprivation of an individual's rights may be minimized in a closer case by imposition of a heightened burden of proof without putting the People in a substantially diminished position, whereas imposition of a preponderance of the evidence standard incorrectly assumes the parties are in a similar position going forward in the proceeding. In this circumstance, the countervailing interests of the People are substantially diminished. [¶] It must also be remembered that the People now bear the burden of proof beyond a reasonable doubt with respect to establishing the ineligibility of defendants awaiting sentencing under the three strikes law, as revised by Proposition 36. Consequently, current defendants are afforded substantial due process rights to both challenge evidence implicating the criteria and to convince a jury that the prosecution has failed to meet its evidentiary burden." (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1349-1350 (conc. opn. of Raye, P.J.).)

The *Bradford* concurrence concluded that "[a]n analysis of the factors described above suggests that due process may compel a heightened burden of proof in making the [resentencing eligibility] determination . . . based upon the cold record of petitioner's prior conviction. I would respectfully suggest careful consideration as to whether imposition of proof by clear and convincing evidence is required." (*Bradford*, *supra*, 227 Cal.App.4th at p. 1350 (conc. opn. of Raye, P. J.).)

We agree with the *Bradford* concurrence's suggestion that a heightened standard of proof should be required in this situation. We base this conclusion on the substantial amount of prison time potentially at stake for the defendant seeking resentencing, the risk of potential error stemming from the summary and retrospective nature of the adjudication that will be made at the resentencing eligibility proceeding, and the slight

15

countervailing governmental interest given the People's opportunity to provide new evidence at any subsequent dangerousness hearing.

Contrary to the *Bradford* concurrence, however, we conclude that the appropriate standard of proof is beyond a reasonable doubt, not clear and convincing evidence. We base our conclusion on *Johnson*, which the Supreme Court issued after *Bradford* was filed. *Johnson* said very clearly: "[T]he parallel structure of the Act's amendments to the sentencing provisions and the Act's resentencing provisions reflects an intent that sentences imposed on individuals with the same criminal history be the same, regardless of whether they are being sentenced or resentenced. Both the sentencing scheme and the resentencing scheme provide for a second strike sentence if the current offense is not a serious or violent felony, and they set forth identical exceptions to the new sentencing rules. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C), 1170.126, subd. (e)(2), (3).)" (*Johnson*, *supra*, 61 Cal.4th at p. 686.) "[*T*]*he parallel structure of the Act's sentencing and resentencing provisions appears to contemplate identical sentences in connection with identical criminal histories, unless the trial court concludes that resentencing would pose an unreasonable risk to public safety*." (*Id*. at p. 687, italics added.)

The court's analysis in *Johnson* leads us to conclude that, not only must there be a heightened standard of proof for section 1170.126 resentencing eligibility determinations, but that – in order to safeguard the intended parallel structure of the Act – the heightened standard of proof should be beyond a reasonable doubt. Under a lesser standard of proof, nothing would prevent the trial court from disqualifying a defendant from resentencing eligibility consideration by completely revisiting an earlier trial, and turning acquittals and not-true enhancement findings into their opposites. That is what happened here when the resentencing court relied on the disparity between "beyond a reasonable doubt" and "preponderance of the evidence" standards to find Arevalo ineligible for resentencing on the basis of an arming allegation that had been pled and disproved at his earlier trial. To allow this result would violate *Johnson*'s "equal outcomes" directive, leaving Arevalo ineligible for resentencing while a newly convicted defendant with an identical criminal history would be found eligible for a second strike prison sentence.

16

The Attorney General argues that *Johnson*'s discussion of the parallel structure of the Act "reflects nothing more than the recognition that defendants with 'identical criminal histories,' whether determined by a trier of fact beyond a reasonable doubt in the prospective portion of the Reform Act, or by a trial court employing a preponderance standard in the retrospective portion of the Reform Act, should 'receive identical sentences.' " We disagree. As demonstrated here, the only avenue by which to accomplish *Johnson's* requirement of identical sentences for defendants with identical criminal histories is to apply an identical standard of proof for the determination of resentencing ineligibility, i.e., beyond a reasonable doubt.

Under the applicable beyond a reasonable doubt standard, Arevalo's acquittal on the weapon possession charge and the not-true finding on the allegation of being armed with a firearm, preclude a finding that he is ineligible for resentencing consideration.

## DISPOSITION

The postjudgment order denying Arevalo's resentencing petition is reversed. The matter is remanded for a hearing to determine whether, under a preponderance of the evidence standard, Arevalo would pose an unreasonable risk of danger to public safety such that he should not be resentenced.

**CERTIFIED FOR PUBLICATION**

EDMON, P. J.

We concur:

ALDRICH, J.                                                           JONES, J.[*]

---

[*]   Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.