Filed 8/18/16  P. v. Lott CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263532 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA030366) |
| v. | |
| JONATHAN LOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles, John Joseph Cheroske, Judge.  Affirmed.

Meredith J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Jonathan Lott (defendant) appeals from an order denying his motion to vacate void judgment (Motion). On appeal, defendant requests that we consider his Motion to be a petition for resentencing under Proposition 36, Penal Code section 1170.126,[1] and remand the matter for a hearing on that re-characterized Proposition 36 petition. He also contends that he is entitled to youthful offender parole hearing and requests that we remand the matter to the trial court for that purpose. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant, without citation to the record, states that he was born on September 12, 1975. In February 1995 defendant was convicted by a jury of four counts of attempted robbery (§§ 664 and 211; counts 1-4) and four counts of attempted willful, deliberate and premeditated murder (§§ 664 & 187, subd. (a); counts 5-8) (first case) (*Lott* 1 at p. *2; *Lott* 2 at p. *2). The crimes were committed in May 1994, when, according to defendant, he was 18 years old. The trial court sentenced defendant to life in prison plus seven years. (*Lott* 2 at p. *2.) Defendant's sentence was subsequently "corrected" by the trial court, on at least three different occasions to an aggregate sentence of eight years four months. (*Lott* 2 at p. *3-4)

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

[2] Some of the discussion derives from our prior unpublished opinions in this matter, *People v. Lott* (Feb. 29, 1996, B092800 [nonpub. opn.] (*Lott* 1); *People v. Lott* (Dec. 11, 2001, B146489) [nonpub. opn.] (*Lott* 2); *People v. Lott* (May 13, 2002, B150790 [nonpub. opn.] (*Lott* 3); *People v. Lott* (Dec. 26, 2013, B249239) [nonpub. opn.] (*Lott* 4); *People v. Lott* (Feb. 21, 2014, B251407) [nonpub. opn.] (*Lott* 5); and *People v. Lott* (Dec. 4, 2015, B261500) [nonpub. opn.] (*Lott* 6). We take judicial notice of those opinions and the record in those appeals.

Thereafter, defendant was prematurely released from prison due to a clerical mistake, and he was convicted of the felony of being in possession of a firearm in March 2000, when he was 24 years old (second case). (*Lott 3*, at p. *2.) The trial court sentenced defendant to state prison for a term of 26 years to life. (*Ibid.*)

In October 2000, defendant, through counsel, filed a motion challenging a reinstatement of the original life sentence in the first case on the ground that the trial court did "not have jurisdiction" to do so. The trial court denied the motion, finding that due to inadvertence and clerical error, the minute order that corrected defendant's sentence in the first case did not properly reflect the trial court's sentencing order. The court therefore ordered, nunc pro tunc, reinstatement of the original sentence—life in prison plus seven years. (*Lott 2*, at p. *2.)

Subsequently, in the second case, the trial court denied defendant's petition for recall of sentence made pursuant to section 1170.126, motion to correct unauthorized sentence, and petition for recall and resentencing made pursuant to section 1170.126. Defendant was self-represented in filing these petitions and motion.

More recently, defendant, again self-represented, filed the Motion in the first case that is the subject of this appeal. Defendant argued that the trial court did not have "jurisdiction to overrule [the previously 'corrected' sentence of eight years four months] and impose a [new] sentence" by deeming that the minute order did not properly reflect the trial court's sentencing order. The trial court denied the Motion because defendant made the same motion in October 2000.

**DISCUSSION**

**A.      Defendant's Request That We Consider His Motion to be a Petition
          for Resentencing under Proposition 36**

Defendant does not challenge the trial court's ruling on his Motion. Instead, he requests that we exercise our discretion to consider his Motion to be a petition for

3

resentencing under Proposition 36, section 1170.126, and remand the matter for a hearing on that re-characterized Proposition 36 petition. We decline to do so.

Proposition 36 enacted section 1170.126 (*People v. Arevalo* (2016) 244 Cal.App.4th 836, 845), which provides in relevant part: "(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to [the 'Three Strikes' law] upon conviction . . . . of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section. [¶] . . . [¶] (e) An inmate is eligible for resentencing if: [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

Defendant concedes that "[t]he Proposition 36 issue admittedly does not lie with this appeal . . . ." Even construed liberally, his Motion did not petition the trial court to recall of his sentence because he was not convicted of serious or violent felony. Instead, his Motion concerned whether a subsequent trial judge assigned to the case had "jurisdiction to overrule [a prior trial judge] and impose a [new] sentence."

In addition, defendant argues that nothing precludes the trial court from considering successive Proposition 36 petitions, so he claims we may consider his Motion to be a Proposition 36 petition even though he has filed such petitions previously. Under this reasoning, we see no reason why defendant cannot now simply file with the trial court a Proposition 36 petition,[3] labeled as such, rather than have us construe his motion as one and remand the matter for a hearing. We asked the parties to brief whether there is any reason why such a newly filed petition would put defendant in a worse

---

**3** We do not express an opinion on the merits or likely success of such a petition, including on whether the rulings on defendant's prior Proposition 36 petitions bear on a new petition.

position than our re-characterization of his motion with a remand for a hearing, and no reason has been suggested.  On the other hand, a reason why a newly filed petition may be helpful is that defendant was unrepresented when he filed his Motion and counsel may be able to file the new petition.

### B.  Parole Hearing

Defendant contends that because he was under 23 years old when the offenses in the first case occurred, sections 3051 and 4801, amended effective January 1, 2016, and the decision in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), require that he be provided a youth offender parole hearing. He requests that we remand the matter to the trial court for that purpose.  Defendant argues because he was sentenced to a life term of less than 25 years to life, under subdivision (b)(2) he is entitled to a youth offender parole hearing during his 20th year of incarceration, and he has passed his 20th year of incarceration.  We deny defendant's request that we remand the matter to the trial court to provide him with a youth offender parole hearing.

Section 3051, subdivision (b)(2) provides, "A person who was convicted of a controlling offense that was committed before the person had attained 23 years of age and for which the sentence is a life term of less than 25 years to life shall be eligible for release on parole by the board during his or her 20th year of incarceration at a youth offender parole hearing, unless previously released or entitled to an earlier parole consideration hearing pursuant to other statutory provisions."  Section 4801 provides, "(a) The Board of Parole Hearings may report to the Governor, from time to time, the names of any and all persons imprisoned in any state prison who, in its judgment, ought to have a commutation of sentence or be pardoned and set at liberty on account of good conduct, or unusual term of sentence, or any other cause . . . .  [¶] . . . [¶]  (c) When a prisoner committed his or her controlling offense, as defined in . . . . Section 3051, prior to attaining 23 years of age, the board, in reviewing a prisoner's suitability for parole . . . shall give great weight to the diminished culpability of juveniles as compared

5

to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."

*Franklin*, *supra*, 63 Cal.4th 261 held that sections 3051 and 4801 "provide [the defendant] with the possibility of release after 25 years of imprisonment (§ 3051, subd. (b)(3)[4]) and require the Board of Parole Hearings (Board) to 'give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity' (*id.*, § 4801, subd. (c))"; and remanded the matter to the trial court "for a determination of whether [the defendant] was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Franklin*, *supra*, 63 Cal.4th at pp. 268, 284.)

The record does not reflect that defendant has sought a youthful offender parole hearing in trial court. In addition, the record does not disclose whether defendant had a parole hearing on his 20th year of incarceration, or whether the People of the State of California have agreed to provide defendant with an immediate parole hearing.

Regardless, section 3051, subdivision (h) provides that section 3051 "shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or Section 667.61, or in which an individual was sentenced to life in prison without the possibility of parole. [Section 3051 also] shall not apply to an individual to whom [it] would otherwise apply, [if that person] subsequent to attaining 23 years of age, commits an additional crime . . . for which the individual is sentenced to life in prison."

Defendant was sentenced to a life term for crimes he committed in 1994 at the age of 18. Defendant was subsequently convicted of being a felon in possession of a firearm—a crime he committed when, according to defendant, he was 24 years old—and he was sentenced to state prison for 26 years to life. (*Lott 3*, at p. 2.) Because defendant

---

**4** Subdivision (b)(3) was applicable (providing the defendant with a youth offender parole hearing during his 25th year of incarceration) because the defendant in *Franklin* was sentenced for two consecutive 25-year-to-life sentences. (*Franklin*, *supra*, 63 Cal.4th at p. 268.)

received a life term for a crime committed after he reached age 23, he is ineligible for a youth offender parole hearing.  (§ 3051, subd. (h).)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

RAPHAEL J. *

We concur:

TURNER, P.J.

KRIEGLER, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7