Filed 8/18/16  P. v. Halperin CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW M. HALPERIN,<br><br>    Defendant and Appellant. | B267317<br><br>(Los Angeles County<br>Super. Ct. No. MA038610) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Joshua Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Andrew Mark Halperin was sentenced to an indeterminate life term under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] after a jury convicted him in 2007 of assault by means of force likely to produce great bodily injury, in violation of section 245, subdivision (a). After Proposition 36 was enacted in 2012, defendant petitioned to have his indeterminate life sentence recalled under section 1170.126. Following a hearing, the trial court denied the petition. Defendant contends that (1) in denying the petition for recall, the trial court impermissibly found he intended to cause great bodily injury when the jury made no such finding; and (2) even if the fact finding was permissible, the trial court applied an incorrect standard of proof to find the defendant ineligible for resentencing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's conviction were described in an unpublished opinion by this court affirming defendant's conviction and are summarized as follows. Defendant was charged with: (1) first degree residential robbery, in violation of section 211; (2) assault by means likely to produce great bodily injury, in violation of section 245, subdivision (a); and (3) dissuading a witness from reporting a crime, in violation of section 136.1, subdivision (b)(1). The victim, Donna Hein, was acquainted with defendant. In May 2007, both defendant and Hein lived in separate rooms in the same motel. Hein was an admitted drug addict. On May 16, 2007, defendant went into Hein's room looking to purchase drugs. Hein refused because defendant had robbed and choked a mutual acquaintance. Defendant claimed he had "made it right" with the acquaintance. As Hein picked up the phone to call the acquaintance, she saw defendant's fist coming at her head. Defendant punched her repeatedly, landing between 15 to 20 blows to the back of the head and kidneys, knocking her to the ground. Defendant threatened to kill Hein if

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

she called the police. He removed $115 in cash from her purse, warned her again about reporting what happened, and punched her again. During the assault, Hein accidentally called the hotel manager, Rosher Sebastian. As a result of the attack, blood from Hein's nose splattered the walls and ran down her face.

Sebastian received a phone call from a room at about 9 p.m. on May 16, 2007. He heard screaming on the line. He looked out of his office and saw defendant, who appeared to be intoxicated. He told defendant to sober up in his room. Defendant instead walked out of the hotel. Sebastian saw Hein come out of her room with her face and hands scratched and bleeding.

Deputy Sheriff Steve Owen responded to the hotel within minutes of the attack. He saw Hein clearly in pain, upset, scared, and bleeding from the chin and nose. Deputies found defendant nearby, in possession of $115. Hein identified defendant as her assailant.

Defendant admitted being in Hein's room and arguing with her, but denied touching Hein, threatening her, and stealing from her. He presented bank records that showed ATM withdrawals that accounted for the money found in his possession. He drank about a six pack of beer and a margarita before going into Hein's room but denied being intoxicated. Defendant admitted that he was more than willing to express his anger when he was drunk.

The jury convicted defendant of assault by means of force likely to produce great bodily injury, but was unable to reach a verdict on the other two charges. In a separate proceeding, the jury found defendant had suffered four prior convictions under the three strikes law and had served four prior prison terms as defined in section 667.5, subdivision (b). Among the aggravating factors identified by the trial court at the sentencing hearing was that the "crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness. The evidence in this case was that the defendant brutally beat Donna Lynn Hein about the head and body. The defendant punched the victim approximately 15 times causing her to bleed." The trial court sentenced defendant to 25 years to life under the three strikes law

3

for the section 245, subdivision (a) conviction, enhanced by four years for the prior prison term findings.

In 2012, the voters enacted Proposition 36, which "amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd.(c)(2)(C).) [Proposition 36] also enacted section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence. (§ 1170.126, subd. (b).)" (*Teal v. Superior Court*, (2014) 60 Cal.4th 595, 596–597, fn. omitted.)

Defendant filed a petition to recall his indeterminate sentence under the ameliorative provision of Proposition 36. After briefing and a hearing at which the trial court accepted into evidence transcripts from defendant's 2007 criminal trial, the court denied the petition, finding defendant was ineligible for relief under Proposition 36 because defendant intended to cause great bodily injury during the commission of the commitment offense. (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).)

## DISCUSSION

*The Trial Court's Role as Trier of Fact*

Defendant contends that the trial court erred in the process of fact finding. As defendant views the law, a trial court's determination of whether a defendant acted with the intent to cause great bodily injury under section 1170.126 is limited to an examination of the elements underlying the conviction. (See *People v. Trujillo* (2006) 40 Cal.4th 165, 179–180; *People v. Guerrero* (1988) 44 Cal.3d 343, 355; *People v. Guilford* (2014) 228 Cal.App.4th 651; *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*); *People v.*

4

*Wilson* (2013) 219 Cal.App.4th 500.)  Specifically, defendant contends it was improper for the trial court to find he intended to cause great bodily injury during the commission of the commitment offense, because the jury was not required to make this finding.  As assault is only a general intent crime, the jury had no occasion to determine whether defendant acted with the specific intent to cause great bodily injury.

Defendant's view of the law has been repeatedly rejected.  Section 1170.126, subdivision (e), sets forth eligibility criteria that a defendant must meet to be resentenced under Proposition 36.  A defendant is ineligible for resentencing if, "[d]uring the commission of the current offense, [he] . . . intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).)  This is an inquiry into a defendant's conduct at the time of the offense.  In ruling on resentencing eligibility, the trial court is required to make a factual determination on whether defendant intended to inflict great bodily injury on the victim.  (*People v. Hicks* (2014) 231 Cal.App.4th 275, 285; *Bradford*, *supra*, 227 Cal.App.4th at pp. 1331-1332.)

A trial court is not, as defendant contends, "limited to a consideration of the elements of the current offense . . . ."  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063.)  Rather, it is appropriate to examine "[all] relevant, reliable, admissible portions of the record of conviction to determine the existence of a disqualifying factor."  (*Id.* at pp. 1048-1049; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800 (*Brimmer*); accord, *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1458; *People v. Hicks*, *supra*, 231 Cal.App.4th at pp. 279, 285-286; *Bradford*, *supra*, 227 Cal.App.4th at pp. 1338-1339; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317.)  The record of conviction obviously includes the trial testimony considered here by the trial court.

In ruling on defendant's resentencing petition, the trial court found the following: "What the evidence appears to be is he punched her and knocked her out cold with the first punch, and then hit her on the side of the head.  As she came to, he hit her repeatedly 15 to 20 times.  The testimony has been a little muddy.  At one point she didn't say where and in another point she said it was five in the head and five in the kidneys and five

5

someplace else. I think that might have been at trial. She started knocking on the wall to get help. He threatened to kill her. The victim was 55 years old at the time. She said she was going to be 56 later, I think, but the time of trial. [¶] . . . [¶] She was coughing up blood at the time of the preliminary hearing, which was 18 days later, and she continued to have bad headaches."

Substantial evidence from the trial record supports the trial court's finding that defendant intended to cause great bodily injury to Hein when he punched her about the head and body between 15 to 20 times after she refused to get him drugs. Two witnesses saw her almost immediately after the attack, confirming injuries to her face and hands. The jury's conviction necessarily rested on this interpretation of the facts, as defendant claimed at trial that he never touched her. At the very least, the jury found that Hein saw defendant's fist repeatedly aimed at her head with force likely to inflict great bodily injury. Based on defendant's conduct—repeatedly aiming a fist at Hein's head—the trial court could reasonably infer an intent to cause great bodily injury. (*People v. Phillips* (1989) 208 Cal.App.3d 1120, 1122.) The trial court did not err in ruling that defendant is ineligible for resentencing.

*Claim Regarding Burden of Proof*

Defendant next raises the issue of the correct standard for a trial court's determination of whether a defendant's conduct shows an intent to cause great bodily injury. He claims that recent decision by the Court of Appeal, *People v. Arevalo* (2016) 244 Cal.App.4th 836 (*Arevalo*), shows that the correct standard is beyond a reasonable doubt, rather than the preponderance of the evidence standard espoused in *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*). We disagree. The appropriate standard is preponderance of the evidence. (Evid. Code § 115 ["except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence"].)

"Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor

6

by a preponderance of the evidence. (Evid. Code, § 115. . . .)" (*Osuna, supra,* 225 Cal.App.4th at p. 1040; see *People v. Frierson* (July 20, 2016, B260774) ___Cal.App.4th ___; *People v. Superior Court* (2013) 215 Cal.App.4th 1279, 1305 ["the proper standard of proof is preponderance of the evidence," citing Evidence Code section 115]; *People v. Flores* (2014) 227 Cal.App.4th 1070, 1075 [proof of dangerousness under Proposition 36 is judged by the preponderance of the evidence standard]; cf. *Bradford, supra,* 227 Cal.App.4th at pp. 1344-1351 (conc. opn. of Raye, P.J) [urging application of clear and convincing evidence standard][2].)

*Arevalo* is readily distinguishable. In *Arevalo,* at a bench trial, the court acquitted the defendant of possession of a firearm and at sentencing found not-true that the defendant was armed with a firearm. (*Arevalo, supra,* 244 Cal.App.4th at p. 843.) Despite these trial findings, the trial court found the defendant ineligible for the recall of the sentence under Proposition 36 by finding the defendant had used a firearm during the commission of the offense. Reversing, our colleagues in Division Three held, "Under a properly applied 'beyond a reasonable doubt' standard, Arevalo's acquittal on the weapon possession charge, and the not-true finding on the allegation of being armed with a firearm, are preclusive of a determination that he is ineligible for resentencing consideration." (*Id.* at p. 842.)

We reject defendant's reliance on *Arevalo* for two reasons. First, the case is procedurally distinguishable. Unlike the defendant in *Arevalo,* defendant was not acquitted of assault by means of force likely to produce great bodily injury at trial, nor did the jury find defendant did not intend to cause great bodily injury. The jury made no findings inconsistent with the trial court's view of the evidence. Second, we are satisfied the *Osuna* line of cases correctly determines that the preponderance of the evidence standard found in the plain language of Evidence Code section 115 is the applicable burden for determining if a defendant's commitment offense renders him ineligible for relief under Proposition 36.

---

[2] This view has gained no support in published authority.

7

**DISPOSITION**

The order denying defendant's petition for recall of sentence is affirmed.


KRIEGLER, J.


I concur:


TURNER, P.J.

People v. Andrew Halperin

B267317

BAKER, J., Concurring

I write separately to address defendant's argument concerning the standard of proof that should apply to a trial court's eligibility determination under Penal Code section 1170.126, subdivision (e).[1]  *People v. Arevalo* (2016) 244 Cal.App.4th 836 (*Arevalo*) may ultimately prove prescient in adopting the beyond a reasonable doubt standard of proof, but the legal foundation for that conclusion is not yet strong enough in my judgment to support application of that standard in all Proposition 36 resentencing cases.

Section 1170.126, subdivision (e), which cross-references sections 667 and 1170.12, makes a defendant ineligible for Proposition 36 relief if, among other things, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person during commission of the offense for which an indeterminate life sentence was imposed.  (§ 1170.126, subd. (e)(2); see also §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)  Section 1170.126 does not specify the standard of proof a court should employ in making this eligibility determination.

As the majority opinion explains, a prior decision of the Fifth Appellate District, backed by Evidence Code section 115, holds the appropriate standard of proof for eligibility determinations under section 1170.126 is the preponderance of the evidence standard.  (Evid. Code, § 115 ["The burden of proof may require a party to . . . establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt.  *Except as otherwise provided*

---

[1] Undesignated statutory references that follow are to the Penal Code.

*by law, the burden of proof requires proof by a preponderance of the evidence*"], italics added; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 ["Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence"].)

 *Arevalo*, of course, came to a different conclusion on facts different from those here.  In *Arevalo*, at a bench trial, the court acquitted the defendant of possessing a firearm and found not true an allegation that defendant was armed with a firearm in the commission of the vehicle offenses at issue.  (*Arevalo*, *supra*, 244 Cal.App.4th at p. 841.)  Despite these findings at the time of trial, a different judge considering Arevalo's later petition for recall of sentence under section 1170.126 concluded he was ineligible for relief because he had been armed with a firearm during the commission of the vehicle offenses.  (*Id.* at pp. 841-842.)  Our colleagues in Division Three reversed, holding: "Under a properly applied 'beyond a reasonable doubt' standard, Arevalo's acquittal on the weapon possession charge, and the not-true finding on the allegation of being armed with a firearm, are preclusive of a determination that he is ineligible for resentencing consideration." (*Id.* at p. 842.)

 In reaching its holding on the standard of proof that should apply, the *Arevalo* court relied on portions of our Supreme Court's opinion in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*) discussing the purpose and structure of Proposition 36.  (*Arevalo*, *supra*, 244 Cal.App.4th at pp. 852-853.)  Specifically, the *Arevalo* opinion emphasizes language in *Johnson* that suggests the structure of Proposition 36 "appears to contemplate" identical results for (1) defendants who are prosecuted after the proposition's amendments to the Penal Code took effect and (2) defendants who seek resentencing under section 1170.126 for a conviction sustained before the proposition's passage.  (*Id.* at p. 853; see also *Johnson*, *supra*, 61 Cal.4th at pp. 686-687.)  If it is true that California voters intended defendants seeking resentencing to be treated the same as a defendant with an identical criminal background sentenced today, adopting the beyond a reasonable doubt standard is sensible; after all, today and going forward, the People

2

must shoulder the beyond a reasonable doubt burden of proof when seeking to establish a defendant who committed a non-serious and non-violent triggering offense should nevertheless receive an indeterminate life sentence. (§§ 667, subd. (e)(2)(C) [prosecution must "plead[] and prove[]" ineligibility], 1170.12, subd. (c)(2)(C) [same].)

I hesitate, however, to divine as much from the language used in *Johnson* as the *Arevalo* court does. The question presented for decision in *Johnson*, as framed by the Court itself, was: "[F]or purposes of recall of a sentence under section 1170.126, is the classification of the current offense as a serious or violent felony determined as of the date the current offense was committed or as of November 7, 2012, the date Proposition 36 became effective?"[2] (*Johnson, supra*, 61 Cal.4th at p. 682.) It was only in answering that question that the Supreme Court offered the observations it did concerning the structure of Proposition 36. The separate question the *Arevalo* court decided was not squarely presented in *Johnson*, and as the Supreme Court has itself cautioned, "'language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered.' (*Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1195, 81 Cal.Rptr.2d 521, 969 P.2d 613.)" (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 680.) That rule is apt in this case, especially because there is other language in *Johnson* that seems to be in some tension with the portions of *Johnson* cited in *Arevalo*. (*Johnson, supra*, 61 Cal.4th at p. 686 ["[T]he Act is more cautious with respect to resentencing"].)

Absent a more definitive ruling from our Supreme Court, I conclude the prudent course is to consider following *Arevalo*'s holding concerning the standard of proof only in a case where a factfinder has returned a not guilty or not true finding that conflicts with a later determination of a defendant's eligibility for a sentence reduction under section

---

[2] In a different portion of the opinion, the court considered a second, separate question raised by defendant Machado. (*Johnson, supra*, 61 Cal.4th at pp. 687-688.)

3

1170.126.[3]  This is not such a case, and I therefore agree to affirm the order denying the sentence recall petition.

BAKER, J.

---

[3] Even *Arevalo* itself places some emphasis on the factual predicate for its holding when it states "we conclude *this situation* [a court later finding a fact true that was previously found not true at trial] requires a heightened standard of proof for making section 1170.126 . . . resentencing eligibility determinations."  (*Arevalo*, *supra*, 244 Cal.App.4th at p. 849, italics added.)