Filed 6/22/16  P. v. Lenahan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JULIE E. LENAHAN,<br><br>    Defendant and Respondent. | D068587<br><br><br>(Super. Ct. No. SCE321517) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed.

Bonnie M. Dumanis, District Attorney, James E. Atkins, Craig E. Fisher, Samantha Begovich and Craig E. Fisher, Deputy District Attorneys, for Plaintiff and Appellant.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Respondent.

The People appeal from an order of the superior court granting defendant Julie E. Lenahan's petition (Pen. Code, § 1170.18, subd. (b)) to recall her sentence on her felony conviction for receipt of stolen property (*id.*, § 496, subd. (a)) and to resentence her pursuant to Penal Code section 1170.18, subdivision (a), enacted as part of Proposition 47.[1] On appeal, the People argue that the trial court erred, because Lenahan did not meet her burden of establishing eligibility for Proposition 47 relief — which in this case required Lenahan to establish that the value of the stolen property did not exceed $950. We agree and reverse the order granting Lenahan's petition. The reversal is without prejudice to Lenahan filing a new petition with evidentiary support for the facts she must prove to be entitled to relief under Proposition 47.

---

[1]     "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Section[] . . . 496 . . . of the Penal Code, as th[at] section[] ha[s] been amended or added by this act." (Pen. Code, § 1170.18, subd. (a). Further undesignated statutory references are to the Penal Code.)

"Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Section[] . . . 496 . . . , [as] th[at] section[] ha[s] been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. In exercising its discretion, the court may consider all of the following: . . . ." (§ 1170.18, subd. (b).)

I.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In an August 2012 information filed after the preliminary hearing, the district attorney charged Lenahan and a codefendant with seven counts based on incidents that occurred between late May and mid-June 2012, as follows: burglary of five commercial businesses (§ 459; counts 1-5); receiving stolen property (§ 496, subd. (a); count 6); and possession of paraphernalia used for narcotics (Health & Saf. Code, former § 11364.1, subd. (a); count 7).

In November 2012, Lenahan pleaded guilty to felony receipt of stolen property (§ 496, subd. (a); count 6) and misdemeanor burglary (§§ 459, 17, subd. (b)(4); count 1), and the court granted the People's motion to dismiss the remaining counts. In her written plea, signed under penalty of perjury, Lenahan set forth the following factual basis for the felony plea: "I was knowingly and unlawfully in possession of stolen property from the burglaries of Wateridge Insurance Services, Mane Event Salon, Countryside Property Management, Sterling Electric and High Speed Design [as] outlined in the preliminary hearing transcript." During the court's inquiry regarding the factual basis for Lenahan's negotiated felony plea — including, in particular, the identification of the stolen property

_____

2      For the facts underlying the charges against Lenahan and crimes of which she was convicted, the People cite to the reporter's transcript from the preliminary hearing. However, because that transcript was not before the trial court at the time it ruled on Lenahan's petition, we will not rely on it. (*People v. Croft* (1955) 134 Cal.App.2d 800, 804 [appellate court considers only what was before trial court].) In her brief, Lenahan does not tell us anything about the facts underlying her convictions.

3

in Lenahan's possession — defense counsel and the prosecutor stipulated that the transcript from the preliminary hearing would be included as additional evidence of the factual basis for the plea.

At a December 2012 sentencing hearing on the felony conviction, the court suspended imposition of sentence, placed Lenahan on three years' formal probation, ordered her to serve 365 days in local custody and issued various fees, fines and assessments.

On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act; and under the California Constitution (art. II, § 10, subd. (a)), it became effective the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera*, at p. 1091.)

In May 2015, Lenahan petitioned to recall her sentence and to be resentenced under Proposition 47.[3] (§ 1170.18, subd. (a); see fn. 1, *ante*.) She submitted points and authorities in support of her petition, and the court set the matter for a hearing in June 2015. As relevant to the issue on appeal, Lenahan did not include any evidence with her

_____

[3] Lenahan's petition references Lenahan's "convict[ion] of a felony offense(s) (PC459)." However, Lenahan's conviction of section 459 was a *misdemeanor*, and her points and authorities are directed only to her *felony conviction of section 496, subdivision (a)*. The trial court proceedings dealt only with Lenahan's conviction of section 496, subdivision (a). (But see fn. 7, *post*.)

4

petition and points and authorities.  The People submitted points and authorities in opposition, arguing that Lenahan did not meet her initial burden of establishing eligibility for relief under Proposition 47.  More specifically, the People contended that Lenahan was not entitled to the requested relief because she did not establish that the value of the stolen property in her  possession that formed the basis of her conviction did not exceed $950.  As evidence in support of their opposition, the People submitted copies of the text of Proposition 47 and Lenahan's presentence probation report.[4]

At the June 2015 hearing, the court granted Lenahan's petition, specifically relying on the following two factual findings:  (1) Lenahan had not perpetrated the burglaries from which the stolen property was obtained; and (2) Lenahan was not ordered to pay any victim restitution.[5]  In making these findings, the court indicated that it had relied on portions of the probation report and the written order sentencing Lenahan to formal

---

[4]     In their points and authorities, the People cited only to two pages of the probation report in the context of demonstrating Lenahan's prior criminal record.

[5]     At the very beginning of the hearing, the court stated its inclination to grant Lenahan's petition, explaining:  "The record, as I saw it from both of your pleadings, suggested the [codefendant] boyfriend was the burglar.  The [stolen] property was found in an apartment where [Lenahan] resided.  There was nothing in the probation report as to her participation that indicate there was any restitution owed."
       Upon granting Lenahan's petition, the court confirmed its earlier reasoning:  "The facts of this particular case, in this Court's opinion, warrant the relief sought.  As I indicated, there is little doubt from my reading of the facts that [the codefendant] was the perpetrator of the burglaries; [Lenahan] was residing at the property; and [pursuant] to a Fourth [Amendment] waiver search the [stolen] property is discovered.  And [it] would appear to me that at the sentencing, determinations were made that [Lenahan] should not be responsible for the monetary loss."

5

probation.[6]  By order filed June 10, 2015, the court granted the petition, resentenced

Lenahan to probation and designated Lenahan's prior felony conviction a misdemeanor.[7]

In July 2015, the People filed a motion for reconsideration of the order granting

Lenahan's petition.  In support of this motion, the People submitted as evidence the

transcript from Lenahan's August 2012 preliminary hearing, Lenahan's November 2012

change of plea form and a transcript from the June 2015 hearing at which the court

granted Lenahan's petition.  Lenahan filed written opposition, and the court denied the

motion in July 2015.  The parties raise no arguments on appeal with regard to the

People's motion for reconsideration.

The People timely appealed from the order granting Lenahan's petition.

---

[6]    The probation report states that Lenahan denied committing the burglaries, although she admitted knowing that the stolen property was in her residence.

The probation report contains a description of the property stolen from the five businesses, some of which was recovered in a search of Lenahan's residence, including three computers, computer equipment and a safe.  The report states that none of the victims had formally responded to letters and telephone calls from probation regarding restitution.

The sentencing order indicates that the court retained jurisdiction to award restitution if any of the victims reported a loss.

[7]    The minutes designate "count 6 PC 646(a)" a misdemeanor.  However, Lenahan was not charged with violating section 646; section 646 makes solicitation of personal injury claims with the intent to sue out of state a misdemeanor, not a felony; section 646 does not have a subdivision (a); and, as discussed *ante*, count 6 of the information charged Lenahan with violating section 496, subdivision (a), receiving stolen property. Without mentioning section 646, the parties have briefed this appeal with the understanding that the trial court designated as a misdemeanor *Lenahan's felony conviction of section 496, subdivision (a)*, which is count 6 of the information.  We shall do the same.

DISCUSSION

In determining whether the trial court properly applied section 1170.18, subdivision (a), we must decide, first, who had the burden of establishing the value of the stolen property that formed the basis of Lenahan's felony conviction and, second, whether that party met the required burden. As we explain, the *initial* burden was on Lenahan, who did not meet it.

A.     *Proposition 47*

As relevant to this appeal, Proposition 47 amended section 496. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091.) In part, recently amended section 496, subdivision (a) provides:

> "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170.  However, *if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year*."[8]  (*Ibid*., italics added.)

(See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 9, p. 72.)

---

[8]     Prior to Proposition 47, the last quoted sentence provided:  "However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year."  (§ 496, former subd. (a); Stats. 2011, ch. 15, § 372.)

In addition to other relief, Proposition 47 also created a procedure whereby a person who is serving a felony sentence for an offense that became a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing under the applicable statute that was added or amended by Proposition 47. (§ 1170.18, subd. (a); *Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) Pursuant to this procedure, Lenahan applied to the trial court to recall her felony sentence for receiving stolen property and to be resentenced under section 496, subdivision (a), as amended by Proposition 47.

B.      *Standards on Appeal*

In interpreting a ballot initiative measure, we apply the same principles as we do in construing a statute enacted by the Legislature. (*People v. Arroyo* (2016) 62 Cal.4th 589, 593 (*Arroyo*) [Proposition 21, which "expanded prosecutorial authority to file charges against minors in adult court"].) We begin by considering the actual language of the initiative, giving its words their usual and ordinary meaning. (*Arroyo*, at p. 593.) We construe the words of an initiative as a whole and within the overall statutory scheme to effectuate the voters' intent. (*Ibid.*) If the language is ambiguous, we look to other indicia of the intent of the electorate, including the analyses and arguments in the official ballot pamphlet. (*Ibid.*) We will not interpret ambiguities in initiative language in a defendant's favor if that interpretation would create an absurd result or be inconsistent with the voters' intent. (See *People v. Cruz* (1996) 13 Cal.4th 764, 782-783.)

Where an appeal involves only the interpretation of a statute enacted as part of a voter initiative, the issue on appeal is a legal one, which we review de novo. (*Arroyo*,

8

*supra*, 62 Cal.4th at p. 593.) Where the trial court applies disputed facts to such a statute, we review the factual findings for substantial evidence and the application of those facts to the statute de novo. (*Hermosa Beach Stop Oil Coalition v. City of Hermosa Beach* (2001) 86 Cal.App.4th 534, 549.) A substantial evidence inquiry examines the record in a light most favorable to the ruling and upholds it " 'if the record contains reasonable, credible evidence of solid value upon which a reasonable trier of fact could have relied in reaching the conclusion in question.' " (*People v. Fuiava* (2012) 53 Cal.4th 622, 711, italics omitted.)

C.     *Analysis*

The first sentence of section 496, subdivision (a) defines the crime of receiving stolen property: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170." (*Ibid*.) The second sentence of section 496, subdivision (a) — i.e., the language enacted as part of Proposition 47 and at issue in this appeal — deals with the value of the stolen property received and provides in part: "However, *if the value of the property does not exceed nine hundred fifty dollars ($950)*, the offense shall be a misdemeanor . . . ." (*Ibid*., italics added.)

9

Lenahan presented no evidence in support of her petition, arguing only that her "record of conviction does not state that the value of the property exceeded $950." Lenahan did not suggest what evidence she contended comprised her "record of conviction."

At the time she filed her petition in May 2015, section 1170.18 had been effective for only six months, and subdivision (a) is silent as to who has the initial burden of establishing a petitioning defendant's eligibility for resentencing.  (See fn. 1, *ante*.)  Even by June 2015, when the trial court ruled on Lenahan's petition, there were no appellate opinions to provide guidance on this issue.

On appeal, the People argue persuasively that Lenahan, as the petitioning defendant, had the initial burden of proving eligibility for resentencing, including specifically the requirement that Lenahan establish that the value of the stolen property in her possession upon which her conviction was based did not exceed $950.  Within the last year, at least four final appellate opinions have held that this initial burden is borne by the petitioning defendant.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*) ["a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing"]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450 [same]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*) [same]; *People v. Bush* (2016) 245 Cal.App.4th 992, 1007-1008 [same].)  As we explained in *Sherow*, where (as here) " 'the crime under consideration is a theft offense under section[] . . . 496, the petitioner will have the additional burden of proving the value of the property did not exceed $950.' "  (*Sherow*, at p. 879.)

We reject Lenahan's suggestions that *Sherow* and *Rivas-Colon* (and by implication *Perkins* and *Bush*, which were decided after briefing in the present appeal) were wrongly decided or that the prosecution must disprove the defendant's entitlement to Proposition 47 relief once a petitioning defendant shows that she was convicted of a felony that is eligible for reduction to a misdemeanor. As we explain, Lenahan had the initial burden of establishing eligibility for resentencing under Proposition 47, and she did not meet her burden here.

1. *Lenahan Had the Initial Burden of Establishing Eligibility for Resentencing Under Proposition 47*

Lenahan posits that (1) because Proposition 36 (§ 1170.126, subd. (b)) and Proposition 47 (§ 1170.18, subd. (a)) both decrease existing sentences and use similar language to define eligibility for resentencing without stating who has the initial burden of establishing eligibility for resentencing and (2) because Proposition 36 requires the prosecution to establish that a petitioning defendant is *ineligible* for resentencing, the same procedure should be employed under Proposition 47. " 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.)

We agree with Lenahan that the procedures employed under the two propositions — which include who has the burden at different stages — are similar. We disagree, however, with her suggestion that the prosecution has the burden of establishing that a

11

petitioning defendant is ineligible for resentencing.  Rather, under both Proposition 36

and Proposition 47, the petitioning defendant has the *initial* burden of establishing

eligibility, and if that burden is met, the prosecution then has the opportunity to establish

ineligibility on other grounds.

Under Proposition 36, a defendant who has two or more prior serious and/or

violent felonies, known as "strikes," is no longer necessarily subject to an enhanced

sentence on a conviction for a third strike offense, if the third conviction is not for a

serious or violent felony.  (*People v. Bradford* (2014) 227 Cal. App.4th 1322, 1327-1328

(*Bradford*).)  In enacting section 1170.126 as part of Proposition 36, the voters did not

intend to benefit all third strike offenders whose third strike was not for a serious or

violent felony, but only those who were perceived as nondangerous or posing little or no

risk to the public.  (*People v. Arevalo* (2016) 244 Cal.App.4th 836, 846 (*Arevalo*).)

Under Proposition 36, a person serving an indeterminate term of life imprisonment

imposed under section 667, subdivision(e)(2), or section 1170.12, subdivision (c), for a

conviction of a felony that is not defined as serious and/or violent by section 667.5,

subdivision (c), or section 1192.7, subdivision (c), may petition for resentencing.
(§ 1170.126, subds. (b), (e)(1).)  Thus, the Proposition 36 petitioning defendant has the

*initial* burden of establishing eligibility — namely, the requisite conviction and sentence

set forth in section 1170.126, subdivision (e).  (§ 1170.126, subd. (b).)  The prosecution

then has the opportunity to oppose the petition by establishing that the petitioning defendant is *ineligible* on various grounds.9  (§ 1170.126, subd. (e)(2)-(3).)

Under Proposition 47, a person serving a sentence for a conviction of a felony "who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense" may petition for resentencing. (§ 1170.18, subd. (a).)  By this language, the voters did not intend to benefit all offenders serving a sentence for a felony theft (or drug) conviction, but only those "who would have been guilty of a misdemeanor" under the various statutes that were added or amended by Proposition 47.  As in Proposition 36, the Proposition 47 petitioning defendant has the *initial* burden of establishing eligibility — which, under Proposition 47, is "guilt[] of a misdemeanor."  (§ 1170.18, subd. (a).)  Also as in Proposition 36, the prosecution then has the opportunity to establish that the petitioning defendant is *ineligible* for resentencing.  This may be accomplished either (1) by rebutting the petitioning defendant's evidence, thereby demonstrating that the petitioning defendant would *not* have been guilty of a misdemeanor had Proposition 47 been in effect at the

---

9    In addition, the court may still deny relief to an otherwise eligible petitioning defendant if the court determines, based on evidence from any source, that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subds. (f) & (g)(1)-(3); *Arevalo*, *supra*, 244 Cal.App.4th at p. 852.)

time of the offense, or (2) by demonstrating that the petitioning defendant suffered a conviction of one or more of the offenses specified in section 1170.18, subdivision (i).[10]

In comparing Proposition 36 and Proposition 47, Lenahan further suggests that the party with the initial burden of establishing eligibility for resentencing under Proposition 47 is limited to evidence from the record of conviction.[11] We disagree. Under Proposition 36, a petitioning defendant is limited to evidence contained in the record of conviction (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1327, 1332), because " 'the relevant inquiry in deciding whether a particular prior conviction qualifies as a serious felony for California sentencing purposes is limited to an examination of the record of the prior criminal proceeding *to determine the nature or basis of the crime of which the defendant was convicted* ' " (*People v. McGee* (2006) 38 Cal.4th 682, 691 [consideration whether a conviction from another jurisdiction is a "serious felony" under Three Strikes law, §§ 667, subd. (d)(2), 1170.12, subd. (b)(2)]).

_____

[10] Finally, the court may still deny relief to an otherwise eligible petitioning defendant if the court determines, based on evidence from any source, that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b)(1)-(3).)

This appeal (like *Sherow*, *Rivas-Colon*, *Perkins* and *Bush*) involves only the initial burden to establish *eligibility* for resentencing. Accordingly, we express no view as to who has either the ultimate burden or the standard of proof for *entitlement* to resentencing.

[11] The parties have not cited, and our own research has not disclosed, any authority that explicitly lists or describes the documents that comprise the record of conviction. That said, we are guided by our high court's explanation that a " 'record of conviction' " consists of documents in the record that reliably " 'reflect[] the facts of the offense for which the defendant was convicted' " and appears to be limited to proceedings at and before the adjudication of guilt, whether by plea or verdict. (*People v. Trujillo* (2006) 40 Cal.4th 165, 177, 179 [Three Strikes law, § 667, subds. (b)-(i)].)

14

In contrast, under Proposition 47 the relevant inquiry on demonstrating eligibility is "guilt[] of a misdemeanor" (§ 1170.18, subd. (a)), which often cannot be established merely from the record of conviction of the felony. The reason for this is that, prior to Proposition 47, where a defendant was convicted of a felony, the facts necessary to establish that the petitioning defendant was guilty of a misdemeanor *enacted or amended by Proposition 47* likely would have been irrelevant in charging the defendant with a pre-Proposition 47 felony.[12] Thus, for this initial burden a petitioning defendant is entitled to present evidence of sufficient facts *from any source* to establish the requisite guilt of a misdemeanor. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140 [any probative evidence]; *Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

In summary, Lenahan had the initial burden of demonstrating eligibility for resentencing under Proposition 47 from any source of admissible evidence.

2.      *Lenahan Did Not Meet Her Initial Burden of Establishing Eligibility for Resentencing Under Proposition 47*

Based on the probation report, the trial court found that Lenahan had not perpetrated the burglaries from which the stolen property was obtained; and based on the order sentencing Lenahan on her felony conviction for receiving stolen property, the trial court found that Lenahan was not ordered to pay any victim restitution. Given these two

---

12      In the case of receiving stolen property, for example, the *only* fact necessary — indeed, the only fact available — to establish that a petitioning defendant "would have been guilty of a misdemeanor" under Proposition 47 is that the value of the stolen property did not exceed $950. (§ 496, subd. (a).) Prior to Proposition 47, however, the value of the property was not at issue where the defendant was charged with a felony. (§ 496, former subd. (a).)

findings, the court ruled that Lenahan was entitled to relief under Proposition 47. However, the court erred in basing its ruling on either of these findings.

The first finding (that Lenahan had not committed the burglaries) is not supported by substantial evidence, since the trial court based the finding on statements in the probation report — which is not evidence (*People v. Overton* (1961) 190 Cal.App.2d 369, 372 ["a probation report . . . is not evidence"]).  In any event, as a matter of law, Lenahan's participation in the burglaries that resulted in the stolen property that were in Lenahan's possession is not relevant to her eligibility for Proposition 47 relief under the standards contained in section 1170.18, subdivision (a).[13]  The sole issue is whether the value of the stolen property in Lenahan's possession exceeded $950, not whether Lenahan participated in stealing the property.

The trial court never made an actual finding that the value of the stolen property did not exceed $950.  Rather, in its second finding, the court found merely that Lenahan was not required to pay victim restitution as part of her felony sentence, *implying* that such evidence substantiates a finding that the value of the stolen property was less than $950.[14]  However, even considering inferences from evidence in support of the trial court's finding as we must (*People v. Elizalde* (2015) 61 Cal.4th 523, 530), we cannot

---

[13]    In addition, given that section 496, subdivision (a) provides that "no person may be convicted both pursuant to this section [receiving stolen property] and of the theft of the same property," there is no reason a sentencing court should consider the theft of the property at issue in a conviction for receipt of the stolen property.

[14]    Defense counsel argued:  "It seems to me [a] very fair and logical inference to say, well, if there is no restitution, then the value of the property at issue is de minimis."

16

infer from the lack of a victim restitution award in the sentencing order that the value of the stolen property in Lenahan's possession was less than $950. Because the order reserved jurisdiction — "Restitution to be determined *if* [*any*] *victim reports a loss*" (italics added) — the lack of a victim restitution award implies only that *proof of the amount of the victims' losses had not been established*, not that the amount of the victims' losses did not exceed $950. Accordingly, the court's implied finding that the value of the stolen property in Lenahan's possession was less than $950 is not supported by substantial evidence.

For these reasons, Lenahan did not meet her burden of establishing eligibility for resentencing under Proposition 47.

D.      *Reversal Without Prejudice*

In *Sherow*, *supra*, 239 Cal.App.4th 875, we affirmed the order denying the defendant's section 1170.18, subdivision (a) petition on the basis that the defendant did not meet his initial burden of providing evidence of his eligibility for Proposition 47 relief — in particular, evidence that the value of the property at issue did not exceed $950 — on his felony conviction of certain counts of second degree burglary under section 459. (*Sherow*, at pp. 877, 879, 881.) The affirmance was "without prejudice to subsequent consideration of a properly filed petition." (*Id.* at p. 881.)

In *Perkins*, *supra*, 244 Cal.App.4th 129, on facts almost identical to those in the present appeal, our colleagues in Division Two affirmed the trial court's order denying the defendant's section 1170.18, subdivision (a) petition on the basis that the petitioning defendant did not meet his initial burden of providing evidence of his eligibility for

17

Proposition 47 relief — in particular, evidence that the value of the property at issue did not exceed $950 — on his felony conviction for receiving stolen property under section 496, subdivision (a). (*Perkins*, at pp. 134-135, 137.) However, since Proposition 47 is silent as to burdens associated with petitioning for relief and since at the time the defendant filed his petition no appellate court had provided guidance to the trial courts or the litigants as to the burden of establishing eligibility, following *Sherow* the affirmance was without prejudice to the defendant filing a new petition that offered *evidence* of his eligibility. (*Perkins*, at p. 142.)

We agree with the reasoning in *Perkins* and the results reached in *Sherow* and *Perkins*. Accordingly, our reversal of the order granting Lenahan's section 1170.18, subdivision (a) petition is without prejudice to the superior court's consideration of a subsequent petition that contains *evidence* of Lenahan's eligibility for relief.

The Attorney General asks that we establish an " 'All Available Evidence' " standard for all of the superior court's determinations "during the eligibility process." We decline to consider a rule that applies to all stages of all Proposition 47 petitions. Because we have no record or trial court decision on which to base such a ruling, an opinion containing such a ruling would be advisory and, accordingly, beyond the function and jurisdiction of this court. (*People v. Roberts* (1992) 2 Cal.4th 271, 336, fn. 18.)

Instead, we agree with *Perkins*'s admonition to the defendant in that case and apply it here: In any subsequent attempt to establish her initial eligibility to be resentenced under Proposition 47 — namely, in attempting to show that she would have been guilty of a misdemeanor under section 469, subdivision (a) (as amended by

18

Proposition 47) — Lenahan "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing [s]he is eligible for relief."[15] (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

## DISPOSITION

We reverse the June 10, 2015 order granting Lenahan's petition to recall the sentence on her felony conviction for receiving stolen property, to resentence Lenahan and to designate the felony conviction as a misdemeanor. This reversal is without prejudice to the superior court's consideration of a subsequent petition by Lenahan that offers evidence of her eligibility for the requested relief.

IRION, J.

WE CONCUR:

McDONALD, Acting P. J.

AARON, J.

---

[15] We express no opinion as to whether such evidence is available, how the People might respond or whether such a petition might be successful.