Filed 6/24/16  P. v. Dorsey CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B268239 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA077476) |
| v. | |
| ALLEN DORSEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

This appeal is from a judgment imposed upon resentencing and an order denying a Penal Code section 1170.18, subdivision (a) resentencing petition.[1] Defendant, Allen Dorsey, was convicted following a jury trial of grant theft of property valued at or above $950. (§ 487, subd. (a).) The trial court found he had previously sustained one prior serious or violent felony conviction and served four prior separate prison terms. (§§ 667, subd. (d), 667.5, subd. (b), 1170.12, subd. (b).) Defendant was sentenced to 10 years in state prison.

On appeal, we found there was insufficient evidence to support three of the four prior separate prison term enhancements. (§ 667.5, subd. (b).) We remanded to permit the prosecution to retry those allegations. We also directed the trial court to clarify its sentence insofar as it referred to a "three years mid-term" for grand theft. We noted that, "[T]he mid-term sentence for grand theft of property valued at or above $950 is *two* years, not *three*. (*People v. Dorsey* (March 30, 2015, B255376) [nonpub. opn.].) Following remittitur issuance, the prosecution declined to retry the three prior separate prison term enhancements, leaving only one such one-year enhancement to be imposed. The trial court clarified that it had imposed a three-year high term for grand theft. On June 15, 2015, defendant was resentenced to seven years in state prison. On June 17, 2015, defendant filed a section 1170.18, subdivision (a) resentencing petition.

We appointed counsel to represent defendant on appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.

On March 28, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider. On April 18,

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

2016, defendant filed a letter brief in which he asserts the trial court failed to adhere to the remittitur and that he is currently sentenced to both the upper and middle terms. As discussed above, however, the trial court fully complied with our remand instructions. The trial court clarified that it had imposed the three-year high term for grand theft. Defendant is subject to that term and only that term for grand theft. There is no evidence the trial court failed comply with its obligations imposed by our remittitur.

Defendant also argues he was never notified his resentencing petition had been denied in violation of his federal due process rights. The trial court's July 16, 2015 minute order reflects, "A certified copy of this minute order along with a copy of the court's ruling is mailed to defendant's counsel." This notation is followed by defense counsel's name and address. Nothing in the record contradicts that presumptively correct notation. (Evid. Code § 664; see *People v. Delgado* (2008) 43 Cal.4th 1059, 1066.) Therefore, we find no due process violation. In a related due process contention, defendant asserts appointed appellate counsel was ineffective for failing to present these issues. That contention is without merit. No reasonable contention can be made that a due process violation has occurred.

Further, the trial court properly denied defendant's section 1170.18, subdivision (a) resentencing petition. To qualify for resentencing, defendant would have to show the value of the stolen property was $950 or less. (§§ 490.2, subd. (a), 1170.18, subd. (a); *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878-879.) Defendant has not met this burden. Further, in ruling on a section 1170.18, subdivision (a) resentencing petition, the trial court must make a factual determination whether the defendant meets the statutory criteria. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 891; cf. *People v. Arevalo* (2016) 244 Cal.App.4th 836, 848 [§ 1170.126]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332 [same].) Here, defendant was charged with and convicted of grand theft of property valued at or above $950. Moreover, in ruling on defendant's resentencing petition, the trial court specifically ruled, "The court actually presided over this jury trial, and the value of the

property clearly exceeds $950; therefore, defendant is not eligible for reduction, and the motion is denied."

The judgment and order are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J.

BAKER, J.

4