Filed 7/20/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JAMES BELTON FRIERSON,<br><br>        Defendant and Appellant. | B260774<br><br>(Los Angeles County<br>Super. Ct. No. GA043389) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Richard B. Lennon and Suzan E. Hier, by appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Robert C. Schneider, Deputy Attorneys General.

This is a defendant's appeal from the trial court decision rejecting his petition for resentencing under Penal Code section 1170.126, enacted by Proposition 36, the Three Strikes Reform Act of 2012. (All further code citations are to the Penal Code unless otherwise indicated.) That initiative measure allows inmates serving an indefinite life term under the Three Strikes law (§§ 667, subds. (b)-(i) & 1170.12) to petition the court for resentencing where the third strike conviction was for a felony not classified as a serious or dangerous crime. The initiative also disqualifies inmates serving a sentence imposed pursuant to section 667, subdivisions (e)(2)(C)(i) through (iii). The last of these, subdivision (iii), applies where "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person."

## FACTUAL AND PROCEDURAL SUMMARY

The current offense in this case was for stalking, a violation of section 646.9. Under the Three Strikes law, that offense along with defendant's two prior "strikes" resulted in a term of 25 years to life. Pursuant to Proposition 36, defendant petitioned for recall of his sentence and resentencing. Following a hearing, the petition was denied. The trial court ruled that defendant was ineligible because the third strike offense was committed with intent to inflict great bodily injury to the victim.

The stalking conviction was based on letters from defendant, sent to his wife from prison after she had informed him that she intended to end their relationship. In these letters defendant said he would "track her down," that she should not and that he would not allow her to have another man, that because she had hurt him he would "hurt" her and that he would kill her for causing him so much pain. Later, after receiving divorce papers, defendant wrote her stating that he would do something bad to her because he could not live without her, that she was his wife and he would "get" her for hurting him so badly. He wrote that he was not going to hit her but only talk to her about restarting the relationship, but he also wrote that he could not let her leave and let someone else take her and that he was going to fight for her; and do something "real bad" to her.

2

He called her attention to a news story about a woman who killed her husband and then herself, and said that he would "get [her] for hurting [him] like this. Mark my word . . ."

Following a hearing, based on these statements, the court ruled that defendant was ineligible for recall of the sentence he was serving or for resentencing because of his expressed intent to inflict great bodily injury on his wife. This appeal followed.

## DISCUSSION

Section 1170.126, enacted by Proposition 36, provides in subdivision (e)(2), that an inmate is eligible for resentencing if his or her current sentence was not imposed for an offense appearing in (among other provisions) section 667, subdivision (e)(2)(C)(ii); where, during commission of the offense, defendant "intended to cause great bodily injury to another person." On appeal defendant argues that while he wrote the letters we have discussed, they do not show he intended to inflict great bodily injury on his wife. He reasons that the basis of the trial court's ruling was the fact of defendant's conviction for stalking, a crime that does not require intent to carry out the threatened acts. It is true that the conviction was based on defendant's threats.

In determining an inmate's eligibility for recall and resentencing under Proposition 36, the trial court may examine all relevant, reliable and admissible material in the record to determine the existence of a disqualifying factor. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048, 1051; and see *People v. Guererro* (1988) 44 Cal.3d 343, 355.) That is what the trial court did in this case. It is reasonable to infer, as the trial court did, that when defendant told his wife that he was going to get her, hit her, hurt her, and do something "real bad" to her to avenge what he perceived she had done to him, he meant what he said. (6 Wigmore (Chadbourn rev. ed. 1976) § 1715 and generally 1 Witkin, Cal. Evidence (5th ed. 2012), Hearsay, § 40, p. 833.) Put plainly, the trial court was entitled to infer, as it did, that defendant meant to do what he said he would do.

3

In a supplemental brief defendant cites to a recent case, *People v. Arevalo* (2016) 244 Cal.App.4th 846 (*Arevalo*) to argue that the burden of proof in ruling on an application for recall under Proposition 36 is with the prosecution, and that burden is proof beyond a reasonable doubt.

The initiative provides that the trial court shall determine eligibility of the defendant for relief under its provisions. We understand the correct allocation of the burden to be that it is for the defendant, as petitioner, to make a prima facie showing that the third strike conviction in his or her case was for a felony that qualifies under the initiative. But where the prosecutor claims that strike or some other circumstance disqualifies the defendant for such relief, it is the prosecutor's burden to prove that disqualification. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1301.) The issue then becomes: what is the applicable standard for that proof? *Kaulick* holds that it is proof by a preponderance of the evidence. (*Ibid.*) And this appears to be the generally accepted rule. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.) Relying on a concurring opinion in *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1344 (by the author of the court's opinion in that case), the *Arevalo* court concludes that the standard must be greater than preponderance. The concurring opinion in *Bradford* suggested that the clear and convincing evidence standard be used. (*Id.* at 1350.)

*Arevalo, supra,* 244 Cal.App.4th 846 finds this insufficient and concludes the prosecution must prove ineligibility beyond a reasonable doubt. (*Id.* at p. 852.) It does so in light of the substantial amount of prison time at stake for the defendant, the risk of error because of the "summary and retrospective nature of the adjudication," and the "slight countervailing governmental interest given the People's opportunity to provide new evidence" at the hearing. (*Ibid.*) And, concern that with a lesser standard "nothing would prevent the trial court from disqualifying a defendant from resentencing eligibility consideration by completely revisiting an earlier trial, and turning acquittals into their opposites." (*Id.*, at p. 853.)

4

We are not convinced. Preponderance is the general standard under California law, and there is no showing that trial courts will be unable to apply it fairly and with due consideration. Nor is there a showing that they have failed to do so. We do not believe that a higher standard, let alone proof beyond a reasonable doubt, the highest standard possible, is constitutionally required.

## DISPOSITION

The judgment (order denying relief) is affirmed.

CERTIFIED FOR PUBLICATION

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.