Filed 12/17/20  P. v. Thomas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RELIUS THOMAS,<br><br>    Defendant and Appellant. | B300996<br>(Los Angeles County<br> Super. Ct. No. NA087606) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

In his third appeal in this matter, defendant and appellant Relius Thomas contends that the trial court erred in denying his petition under Penal Code section 1170.126[1] for resentencing on one count for stalking (§ 646.9, subd. (b)), for which he received a Third Strike sentence. In *People v. Thomas* (B236133, Feb. 25, 2013) [nonpub. opn.] (*Thomas I*),[2] we affirmed the judgment of conviction on count 1 for stalking, and on counts 3 through 5 for making criminal threats (§ 422). In *Thomas II*, we reversed the trial court's denial of defendant's petition for resentencing after concluding that the convictions for making criminal threats did not render defendant ineligible for resentencing for stalking, which is not a disqualifying conviction under section 1170.126. We remanded the case to the trial court to make further relevant findings on whether defendant is ineligible for resentencing on that count.

On remand, the trial court denied defendant's petition again after finding defendant's prior juvenile adjudication for forcible rape (former § 261(a)(2)), which defendant had previously admitted, is a disqualifying prior conviction under section 1170.126, subdivision (e)(3).

In this appeal, defendant contends that the court could not rely on his prior adjudication for forcible rape to determine his eligibility for resentencing, because it had previously stricken the adjudication at the

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     We grant the People's request to take judicial notice of our prior opinions in *Thomas I* and *People v. Thomas* (B263219, Mar. 4, 2016) [nonpub. opn.] (*Thomas II*).

original sentencing hearing in the interest of justice (§ 1385).  We reject this contention and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury convicted defendant of one count of stalking (§ 646.9, subd. (b); count 1) and three counts of making criminal threats (§ 422; counts 3-5).[3]  (*Thomas I*, *supra*, at pp. 2, 8.)  Thomas waived a jury trial on his priors and admitted that in 1977, he had suffered two juvenile adjudications for forcible rape (former § 261, subd. (2)) and robbery (§ 211), both of which constituted serious felonies and strikes, and suffered two convictions in 1987 and 1990 for assault with a firearm (§ 245, subd. (a)(2)), which constituted two additional strikes within the meaning of the Three Strikes law (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  (*Thomas I, supra*, at p. 2.)  The court found the serious felony convictions and strikes to be true.  (*Ibid.*)

At the sentencing hearing, defense counsel moved under section 1385 and *People v. Superior Court (Romero)* 13 Cal.4th 497 (*Romero*) to strike all of defendant's prior strikes.  The court partially granted the motion, striking "for all practical purposes" defendant's juvenile adjudications for forcible rape and robbery, and denying the motion on defendant's assault with a firearm convictions, which were of "more recent vintage."  The court sentenced defendant to an overall term of 35

---

[3]    The jury found defendant not guilty of making criminal threats on count 2, and a mistrial was declared as to count 6 for the same offense after the jury deadlocked on the charge.  (*Thomas I*, *supra*, at p. 8.)

years to life in prison, comprised of 25 years to life under the Three Strikes law on count 1 for stalking, plus two consecutive five-year terms for the prior serious felony convictions (§ 667, subd. (a)). (*Thomas II, supra*, at p. 2.) The court imposed and stayed terms of 25 years to life on each criminal threat count (§ 654). (*Ibid.*) We affirmed the judgment of conviction in *Thomas I*.

Following the enactment of Proposition 36, the Three Strikes Reform Act of 2012, defendant filed a petition for recall of sentence pursuant to section 1170.126.[4] (*Thomas II, supra*, at p. 2.) The trial court denied the petition, concluding that defendant was ineligible under section 1170.126, subdivision (e)(1), because his criminal threats convictions on counts 3 through 5 were serious felonies under subdivision (c)(38) of section 1192.7. (*Ibid.*) Following the court's ruling, our Supreme Court held in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*) that "resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that

---

[4] Section 1170.126 provides that "[a]ny person serving an indeterminate term of life imprisonment imposed . . . upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies . . . may file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).) "The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence . . . and shall also specify all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12." (§ 1170.126, subd. (d).)

is serious or violent." (*Johnson, supra*, at p. 695.) Based on the holding in *Johnson*, in *Thomas II* we reversed the trial court's order denying the petition for recall of sentence, because defendant was not facially ineligible for resentencing on the stalking offense in count 1, which is not a serious or violent felony. (*Thomas II, supra*, at p. 4.)

On remand, the trial court again denied the petition as to defendant's criminal threats convictions on counts 3 through 5. Following a hearing to determine whether defendant was eligible for resentencing on count 1 for stalking, the court concluded that defendant's juvenile adjudication for forcible rape (former § 261, subd. (2)), a disqualifying offense within the meaning of sections 1170.126, 667, and 1170.12, rendered him ineligible for resentencing. (See §§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv); Welf. & Inst. Code, § 6600, subd. (b).) Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court committed error by relying on his juvenile adjudication for forcible rape to deny his petition for recall of sentence. He asserts that when determining his eligibility for resentencing, the trial court was bound by its prior decision at the original sentencing hearing to exercise its discretion under section 1385 to strike "for all practical purposes" the forcible rape adjudication. We disagree.

"In 2012, the electorate passed the Three Strikes Reform Act of 2012 ([Proposition 36]) (Prop. 36, as approved by voters, Gen. Elec.

5

(Nov. 6, 2012)), which amended the [Three Strikes] law to reduce the punishment prescribed for certain third strike defendants." (*People v. Conley* (2016) 63 Cal.4th 646, 651.) Proposition 36 also "established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure." (*Id.* at p. 653.)

"But Proposition 36 makes a defendant ineligible for this limitation on third strike sentencing if one of various grounds for ineligibility applies." (*People v. Perez* (2018) 4 Cal.5th 1055, 1062.) One basis for ineligibility is that the defendant has a prior conviction for "[a] 'sexually violent offense'" such as rape by means of force. (§ 667, subd. (e)(2)(C)(iv)(I); Welf. & Inst. Code, § 6600, subd. (b); see § 1170.126, subd. (e)(3); 1170.12, subd. (c)(2)(C)(iv)(I).)

The determination of a defendant's eligibility for resentencing is "not a discretionary determination by the trial court, in contrast to the ultimate determination of whether an otherwise eligible [defendant] should be resentenced." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336.) Defendant's claim requires statutory interpretation, which presents a question of law subject to de novo review. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1181.)

Eligibility for resentencing is governed by subdivision (e) of section 1170.126, which provides that an inmate is eligible for resentencing only if three criteria are met. The first two criteria, which are not at issue in this appeal, require that the inmate is serving an

indeterminate term of life imprisonment for a non-serious or non-violent felony (see § 1170.126 subd. (e)(1)), the sentence for which was not imposed for any disqualifying offenses appearing in sections 667, subdivision (e)(2)(C)(i) through (iii) or 1170.12, subdivision (c)(2)(C)(i) through (iii) (see § 1170.126, subd. (e)(2).)[5] The third eligibility criterion requires that "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)

The plain language of subdivision (e)(3)—"[t]he inmate has no prior convictions" of disqualifying offenses—governs here. The dismissal of an allegation or true finding of a prior strike conviction for sentencing purposes under section 1385 does not erase the fact that the prior conviction exists. "[I]n a Three Strikes case, as in other cases, when a court has struck a prior conviction allegation, it has not 'wipe[d] out' that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history, and a court may consider it when sentencing the defendant for

---

[5]      Subdivisions (e)(1) and (e)(2) provide: "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
      "(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

other convictions, including others in the same proceeding." (*People v. Garcia* (1999) 20 Cal.4th 490, 499.) Thus, here, the trial court properly relied on defendant's prior juvenile adjudication for forcible rape to deny his petition for recall of sentence under subdivision (e)(3). (See *People v. Thurston* (2016) 244 Cal.App.4th 644, 657, 662 [section 1170.126 does not impose a pleading and proof requirement for a prior conviction, and does not require that the trial court use the prior conviction to increase the penalty to which defendant was exposed]; see also *In re Varnell* (2003) 30 Cal.4th 1132, 1138 [despite dismissing prior strike allegation under § 1385, court could still rely on underlying fact of prior conviction to determine whether petitioner was eligible for resentencing under § 1210.1, subd. (b)].)

The authority on which defendant relies lends him no support. In *Johnson*, our Supreme Court noted that the "parallel scheme" of the retrospective (§ 1170.126) and prospective (§§ 667, 1170.12) provisions of Proposition 36 possess "the same factors that exclude a defendant from being sentenced," and "suggests that the sentencing rules are intended to be identical" except for the retrospective statute's provision granting trial courts the authority to deny resentencing if reducing an inmate's indeterminate sentence would pose a danger to the public. (*Johnson, supra*, 61 Cal.4th at p. 691.)

As we discussed in our prior opinion in this case, the *Johnson* Court focused on whether resentencing under section 1170.126 is allowed with respect to a count that is not disqualifying because it is neither serious nor violent, despite the presence of another

disqualifying count. (61 Cal.4th at p. 695.) The Court did not suggest that in determining eligibility for resentencing, the trial court must ignore the existence of a prior conviction simply because an allegation or finding of that prior conviction was stricken in the original sentence.

The additional authority cited by defendant, *People v. Frierson* (2017) 4 Cal.5th 225 (*Frierson*), and *People v. Arevalo* (2016) 244 Cal.App.4th 836 (*Arevalo*), are also inapposite. As defendant concedes, neither *Frierson* nor *Arevalo* addresses the issue we face here. (See *Frierson*, *supra*, at p. 236 [electors intended to apply same standard for proof of ineligibility in retrospective and prospective provisions of Prop. 36]; *Arevalo*, *supra*, at p. 853 [same].) Therefore, we conclude that an inmate's prior conviction for any offense appearing in the clauses of section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv), as mandated by section 1170.126, subdivision (e)(3), render the inmate ineligible for resentencing, despite the fact that an allegation or finding of the disqualifying conviction had previously been stricken in the interest of justice.

//

//

//

//

//

//

//

//

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY, J.