Filed 10/6/21  P. v. Ratchford CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY RATCHFORD,<br><br>    Defendant and Appellant. | B305307<br><br>Los Angeles County<br>Super. Ct. No. A912598 |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Wilcox Clarke, Jr., Judge. Reversed and remanded with instructions.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1986, a jury convicted defendant and appellant Jeffrey Ratchford of first degree murder and robbery. The jury found not true the allegation that he intended to aid and abet another in the killing of a human being. The trial court sentenced him to 25 years to life in state prison.

In 2019, Ratchford filed a petition for resentencing under Penal Code section 1170.95.[1] After appointing counsel and considering briefing from both parties, the trial court dismissed the petition without issuing an order to show cause, finding Ratchford could still be convicted of murder as a direct aider and abettor.

On appeal, Ratchford argues the trial court erred when it denied his petition on the basis that it failed to set forth a prima facie case for relief. The Attorney General agrees that the court erred in this regard. The parties disagree, however, over what the appropriate remedy is. Whereas the Attorney General contends the correct course is to remand so the trial court can properly assess whether Ratchford is entitled to section 1170.95 relief, Ratchford urges us to direct the court that he is entitled to relief. We agree with the Attorney General. The case is remanded for further proceedings as indicated below.

## PROCEDURAL BACKGROUND

In 1986, a jury convicted Ratchford of first degree murder (count one; § 187, subd. (a)) and robbery (count two; § 211). With respesct to count one, the jury found "not true [the allegation] that . . . Ratchford intended to aid another in the killing of a

---

1      All undesignated statutory references are to the Penal Code.

2

human being." The jury also found not true the special circumstances of lying in wait (§ 190.2, subd. (a)(15)) and robbery-murder (§ 190.2, subd. (a)(17)). The trial court sentenced Ratchford to 25 years to life for murder. The court selected an upper term of five years for the robbery but stayed sentencing. In 1987, a different panel of this court affirmed the judgment on direct appeal (case no. B021920).

In 2019, Ratchford filed a petition for resentencing under section 1170.95. The prosecution filed an opposition, arguing Senate Bill 1437 ("SB 1437") and section 1170.95 are unconstitutional, and in any event, Ratchford was ineligible for resentencing because he was the actual killer, aided and abetted the killing with the intent to kill, or was a major participant in the underlying robbery who acted with reckless indifference to human life. The trial court appointed counsel to represent Ratchford. Ratchford filed a reply to the prosecution's opposition and a supplemental brief in support of resentencing.

In denying the petition, the court acknowledged Ratchford was likely convicted under a felony-murder theory of liability, but concluded he failed to make a prima facie showing that he could not be convicted of murder as a direct aider and abettor. The court further stated: "However, with the agreement of the parties, I have considered the transcript and the possibility that [the] People would argue for ineligibility. If I'm wrong about the prima facie showing, then [Ratchford] should be granted relief because the People have not convinced me beyond a reasonable doubt that he was a major participant."

Ratchford timely appealed.[2]

## DISCUSSION

### A. Governing Law: SB 1437 and Section 1170.95

The Legislature enacted SB 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

SB 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).)

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a

---

2     We omit any recitation of the facts underlying Ratchford's convictions because they are not relevant to the issues presented in this appeal.

4

prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Subdivision (c) describes "only a single prima facie" stage of review. (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Under subdivision (c), "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Lewis*, *supra*, at p. 966, fn. omitted.)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

## B. The Trial Court Is Directed to Issue An Order to Show Cause and Hold An Evidentiary Hearing to Determine Whether Ratchford Is Entitled to Section 1170.95 Relief

Ratchford contends the trial court erred when it denied his petition on the basis that it failed to set forth a prima facie case for relief. The Attorney General agrees that Ratchford's petition stated a prima facie case, conceding the record of conviction did not show he was ineligible for relief as a matter of law. We agree with the parties.

Because the issue presented in this appeal is a pure question of law concerning the procedures section 1170.95 affords, we apply a de novo standard of review. (See *People v. Bergen* (2008) 166 Cal.App.4th 161, 167.) As mentioned above, the trial court denied the petition based on a finding that Ratchford "fail[ed] to make the necessary prima facie showing that he could not be convicted as a direct aider and abettor in this case." The court denied the petition on this basis despite its conclusion that Ratchford had been convicted under the felony-murder rule, and despite the jury's explicit finding that Ratchford had not intended to aid in the killing. The court erred by making its own factual determination in concluding Ratchford had not made a prima facie showing of entitlement to relief. In assessing whether a petitioner has made a prima facie showing of entitlement to relief under section 1170.95, "the trial court should not weigh evidence or make credibility determinations." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*), overruled on another ground in *Lewis*, *supra*, 11 Cal.5th at p. 963.) "At this stage of the petition review process, governed by section 1170.95(c), the trial court should not have engaged in this

factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing, as described in section 1170.95, subdivision (d)." (*Drayton*, *supra*, at p. 982, fn. omitted.)

Ratchford argues the proper remedy is for us to direct the trial court to grant his petition. He contends his prima facie hearing essentially amounted to an evidentiary hearing under section 1170.95, subdivision (d), and because the prosecution stated at the hearing that it did not have additional evidence to present, it thereby waived/forfeited its right to an evidentiary hearing on remand. We are not persuaded. Section 1170.95, subdivision (c) explicitly states: "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Subdivision (d)(1) states, in pertinent part: "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . ." We reject Ratchford's contention that the court could bypass these mandatory procedures.

Ratchford also argues the court erred in concluding he could be found guilty of murder as a direct aider and abettor, as this conclusion runs contrary to the jury's finding that he did not intend to aid another in the killing of a human being. He asserts that, in light of the jury's prior finding, double jeopardy and collateral estoppel barred the court from finding him ineligible for relief as a direct aider and abettor who harbored the intent to kill.

Under the federal and California Constitutions, a defendant may not be twice placed in jeopardy for the same

offense. (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15; *Gamble v. United States* (2019) 587 U.S. ___ [139 S.Ct. 1960, 1963-1964, 204 L.Ed.2d 322]; *People v. Aranda* (2019) 6 Cal.5th 1077, 1083.) This principle applies to formal acquittals as well as their legal equivalents, such as reversals on appeal for insufficient evidence. (*Monge v. California* (1998) 524 U.S. 721, 729 [118 S.Ct. 2246, 141 L.Ed.2d 615]; *People v. Rodriguez* (2018) 4 Cal.5th 1123, 1129.) Collateral estoppel "stands for [the] extremely important principle in our adversary system of justice . . . . that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (*Ashe v. Swenson* (1970) 397 U.S. 436, 443, [90 S.Ct. 1189, 25 L.Ed.2d 469].) The doctrine of collateral estoppel "is embodied in the Fifth Amendment guarantee against double jeopardy." (*Id.* at p. 445.) Applying these principles, we conclude it would be error for the trial court to deny Ratchford relief based on a factual determination that he was a direct aider and abettor in the murder who harbored the intent to kill, as this would run directly contrary to a finding the jury made at the petitioner's original trial. (See *People v. Arevalo* (2016) 244 Cal.App.4th 836, 841-842 [in the Proposition 36 context, because trial judge at Arevalo's bench trial acquitted him of the charge of possession of a firearm by a felon and found the "armed with a firearm" allegation to be not true, the recall court erred in denying Arevalo's petition based on its separate factual conclusion that he had been armed with a weapon during the commission of his offenses].)

As noted above, after denying Ratchford's petition on the ground that he had not made a prima facie showing of

entitlement to relief, the court went on to state: "If I'm wrong about the prima facie showing, then [Ratchford] should be granted relief because the People have not convinced me beyond a reasonable doubt that he was a major participant." Ratchford argues that, on remand, the trial court is bound by its previous conclusion that he was not a major participant. It appears, however, that the trial court applied an incorrect standard in concluding Ratchford was not a major participant. The court stated: "[T]he major participant language, I believe is intended to focus on the killing, as opposed to major participant in the robbery . . . . [¶] Because I think you could be a major participant in a robbery without being a major participant in the killing, and I believe the disqualifying issue would be were you a major participant in the killing itself?" Although it seems the court ultimately did apply some of the relevant factors in reaching its conclusion that Ratchford was not a major participant, the court viewed the inquiry through the incorrect lens of whether Ratchford was a major participant in the *killing* who acted with reckless indifference to human life. The proper inquiry is whether Ratchford was a major participant in the *robbery* who acted with reckless indifference to human life. (See § 189, subd. (e)(2) [a participant in qualifying felonies during which death occurs is still liable for murder if that person was "a major participant *in the underlying felony* and acted with reckless indifference to human life . . . ." Italics added].) Furthermore, the court erred by making this factual finding before issuing an order to show cause and holding an evidentiary hearing.

The parties disagree over what inquiry a trial court must make following a section 1170.95, subdivision (d)(3) evidentiary hearing. The parties' disagreement relates to a recent split in

authority in the Court of Appeal. In *People v. Duke* (2020) 55 Cal.App.5th 113 (*Duke*), review granted January 13, 2021, S265309, the court held: "To carry its burden, the prosecution must [ ] prove beyond a reasonable doubt that the defendant *could* still have been convicted of murder under the new law—in other words, that a reasonable jury could find the defendant guilty of murder with the requisite mental state for that degree of murder [under current law]. This is essentially identical to the standard of substantial evidence, in which the reviewing court asks ""whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt . . . . [¶] . . ." [Citation.]' [Citation.]" (*Id.* at p. 123, italics in original.) The Attorney General contends the approach taken in *Duke* is correct.

In *People v. Lopez* (2020) 56 Cal.App.5th 936, 949-951 (*Lopez*), review granted February 11, 2021, S265974, the court disagreed with *Duke*'s conclusion that the applicable standard at the evidentiary hearing stage is akin to substantial evidence. *Lopez* concluded the plain language of "section 1170.95 requires the prosecutor to prove beyond a reasonable doubt each element of first or second degree murder under current law in order to establish ineligibility" for relief. (*Lopez*, at p. 942.) The court in *People v. Rodriguez* (2020) 58 Cal.App.5th 227 (*Rodriguez*), review granted March 10, 2021, S266652, agreed with "*Lopez . . .* that it is the [trial] court's responsibility to act as independent fact finder and determine whether the evidence establishes a petitioner would be guilty of murder under amended sections 188 and 189 and is thus ineligible for resentencing under section 1170.95, subdivision (d)(3)." (*Rodriguez*, at pp. 243-244.) Ratchford argues *Lopez* and *Rodriguez* were correctly decided and *Duke* is incorrect.

10

We agree with the approach taken in *Lopez* and *Rodriguez*. (See also *People v. Harris* (2021) 60 Cal.App.5th 939, 952-953, rev. granted Apr. 28, 2021, S267802 [following the approach of *Lopez* and *Rodriguez*]; *People v. Hernandez* (2021) 60 Cal.App.5th 94, 103 [same]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 813-814 [same]; *People v. Clements* (2021) 60 Cal.App.5th 597, 617-618, rev. granted Apr. 28, 2021, S267624 [same].) At the evidentiary hearing stage, the trial court's role is not to review the record and apply a substantial evidence standard to determine whether the petitioner could still have been convicted of murder under the new law. Rather, the trial court's role is to act as independent fact finder. In this capacity, the court must determine whether the prosecution has established beyond a reasonable doubt the petitioner is guilty of murder under the law as of January 1, 2019.

## DISPOSITION

The order denying Ratchford's section 1170.95 petition is reversed. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing to determine whether Ratchford is entitled to section 1170.95 relief. After holding the evidentiary hearing, the court must determine whether the prosecution has established beyond a reasonable doubt that Ratchford is guilty of murder under the law as of January 1, 2019. The court must credit the jury's finding that there was not proof beyond a reasonable doubt Ratchford intended to aid another in the killing of a human being. The court is directed to consider whether Ratchford was a major participant in the robbery who acted with reckless indifference to human life. We express no opinion concerning the correct answer to this factual question.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

12